UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

LAKE CHASE CONDOMINIUM
ASSOCIATION, INC.

      Plaintiff

v.

SECRETARY OF HOUSING AND URBAN
DEVELOPMENT; JOHN DOE AND JANE
DOE AS UNKNOWN TENANTS IN
POSSESSION,

      Defendants.                 /

## DEFENDANT SECRETARY OF HOUSING AND URBAN DEVELOPMENT'S NOTICE OF REMOVAL

Defendant, SECRETARY OF HOUSING AND URBAN DEVELOPMENT ("HUD"), through its undersigned counsel, files this Notice seeking removal of this cause from the County Court in and for Hillsborough County, Florida to this Court, and as grounds therefore states as follows:

1.    HUD has been named as a defendant in the above captioned civil action, Case No. 10-CC-34561 and is pending in that court.

2.    In this civil action, the Plaintiff seeks to foreclose a lien against real property owned by HUD located in Hillsborough County, Florida. Plaintiff improperly served and obtained a default against HUD, and sold HUD's property to a third party at a foreclosure sale.

3.    The above captioned action is one which may be removed to the United States District Court, pursuant to 28 U.S.C. Section 1442(a)(1) (removal based upon civil action

commenced in State court against a federal agency (HUD) and Section 1444 (removal of foreclosure actions against the United States).

4.   Copies of all process, pleadings, and orders served in this action are attached hereto and made a part hereof as Composite Exhibit "A".

5.   In accordance with the provisions of 28 U.S.C. Section 1446(d), written notice of the instant removal of this action is being provided to all adverse parties, and a copy of this Notice of Removal is being filed with the Clerk of the County Court in Hillsborough County, Florida.

WHEREFORE, Defendant SECRETARY OF HOUSING AND URBAN DEVELOPMENT, submits this Notice of Removal to effect removal of the above captioned action now pending in the County Court, in and for Hillsborough County, Florida to this Court for such further proceedings as may be appropriate.[1]

Respectfully submitted,

Becker & Poliakoff, P.A.
Attorneys for Defendant
121 Alhambra Plaza, 10th Floor
Coral Gables, FL 33134
(305) 262-4433 Telephone
(305) 442-2232 Facsimile

By: /s/ Steven M. Davis
Steven M. Davis
Florida Bar No. 894249

---

[1] HUD reserves the right to raise all defenses available to it under State and Federal substantive and procedural law, including but not limited to venue, jurisdiction, and sufficiency of process.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served via Certified Mail, Return Receipt Requested and Regular U.S. Mail to: Bruce M. Rodgers, Esq., Business Law Group, P.A., 301 W. Platt St. #375, Tampa, FL 33606; Matera Homes, Inc., P.O. Box 2706, Lutz, Fl. 33548 and via Registered Mail to: Kum He, 21 Berkham Road, Toronto, Ontario, M1H2T1 on this 26th day of January, 2012.

Becker & Poliakoff, P.A.
Attorneys for Defendant
121 Alhambra Plaza, 10th Floor
Coral Gables, FL 33134
(305) 262-4433 Telephone
(305) 442-2232 Facsimile

By:    s/Steven M. Davis
Steven M. Davis
Florida Bar # 894249

ACTIVE: 3652348_1

# EXHIBIT A

IN THE COUNTY COURT OF THE 13TH JUDICIAL CIRCUIT IN AND FOR
HILLSBOROUGH COUNTY, FLORIDA

LAKE CHASE
CONDOMINIUM ASSOCIATION, INC.

CASE NO:    **# 10  34561**

    Plaintiff

vs.

SECRETARY OF HOUSING AND URBAN
DEVELOPMENT; JOHN DOE AND JANE
DOE AS UNKNOWN TENANTS IN POSSESSION,

    Defendant(s)

FILED
CLERK OF COUNTY COURT
2010 DEC 21  PM 1:58
HILLSBOROUGH COUNTY, FLA
COUNTY CIVIL

## COMPLAINT

The Plaintiff, LAKE CHASE CONDOMINIUM ASSOCIATION, INC., (hereinafter referred to as "the Association") by and through its undersigned legal counsel, hereby brings this action against the Defendants, SECRETARY OF HOUSING AND URBAN DEVELOPMENT; JOHN DOE AND JANE DOE, AS UNKNOWN TENANTS IN POSSESSION and alleges:

### COUNT I – FORECLOSURE

1.   This is an action to foreclose a lien for unpaid assessments due to a condominium association, and this court has subject matter jurisdiction over this lien foreclosure action.

2.   The Association is a not-for-profit corporation organized to operate and manage Lake Chase, which is a condominium development located in Hillsborough County, Florida.

3.   Defendant, SECRETARY OF HOUSING AND URBAN DEVELOPMENT, is the owner of the following described property which is part of Lake Chase and is subject to the terms and conditions of the DECLARATION OF LAKE CHASE CONDOMINIUM referred to

as "the Declaration"), recorded at Official Records Book 14750, Page 34, and as subsequently

amended relevant excerpts which is attached as Exhibit "A":

**THAT CERTAIN CONDOMINIUM PARCEL COMPOSED OF UNIT NO. 9642, BUILDING 29, OF LAKE CHASE CONDOMINIUM AND AN UNDIVIDED INTEREST OR SHARE IN THE COMMON ELEMENTS APPURTENANT THERETO, IN ACCORDANCE WITH; AND SUBJECT TO THE COVENANTS, CONDITIONS, RESTRICTIONS, EASEMENTS, TERMS AND OTHER PROVISIONS OF THE DECLARATION OF CONDOMINIUM, AS RECORDED IN OFFICIAL RECORDS BOOK 14750 PAGE 34 THROUGH 162 AND MODIFIED IN OFFICIAL RECORDS BOOK 14481 PAGES 1968 THROUGH 1970, AND AMENDED IN OFFICIAL RECORDS BOOK 15596 PAGES 1955 THROUGH 2008, AND ANY AMENDMENTS THERETO, AND THE PLAT THEREOF, AS RECORDED IN CONDOMINIUM PLAT BOOK, OF THE PUBLIC RECORDS OF HILLSBOROUGH COUNTY, FLORIDA.**

4.      The above described premises is also known as 9642 Lake Chase Island Way, Unit #9642-29, Tampa, FL 33626.

5.      Pursuant to Section 13 of the Declaration, each lot owner is subject to certain assessments imposed in connection with the operation of the Association, and such assessments are a lien against the property and also the personal obligation of the property owner.

6.      Defendant, SECRETARY OF HOUSING AND URBAN DEVELOPMENT has failed to pay accelerated assessments that were properly adopted by the Association pursuant to Section 13.3 of the Declaration in the amount of $8,298.01 through December 2010.  Additional assessments are coming due thereafter.

7.      Pursuant to Section 13.3 of the Declaration if an assessment is not paid within 10 days from the date they are due, the unpaid assessments accrue interest at the rate of eighteen percent (18%), and the Association is entitled to foreclose the lien or bring an action against the owner personally.

8.      The Association has notified Defendant, SECRETARY OF HOUSING AND URBAN DEVELOPMENT, of the delinquency and the acceleration of the assessments, and Defendant, SECRETARY OF HOUSING AND URBAN DEVELOPMENT, has failed to pay.

Attached as Composite Exhibit "B" are copies of all demand letters sent to Defendant, SECRETARY OF HOUSING AND URBAN DEVELOPMENT.

9.      The Association has filed a claim of lien against the subject property, a copy of which is attached as Exhibit "C", and the Association is entitled to foreclose such a lien.

10.      Defendants, JOHN DOE AND JANE DOE, AS UNKNOWN TENANTS IN POSSESSION, are named defendants by virtue of being now in possession of the subject property, by what right or authority being unknown to the Plaintiff. The interests of these Defendants are subject, subordinate and inferior to the Claim of Lien held by the Plaintiff.

11.      The Association has been required to retain the undersigned attorneys to represent it in connection with collection of the assessments and foreclosure of the lien, and is entitled to recover such fees. Section 13.3 of the Declaration entitles the Association to recover costs of collection and attorney's fees in connection with delinquent assessments.

12.      In order to protect its security, the Plaintiff may have advanced and paid any utility bills and/or other necessary costs, or may be required to make such advances during the pendency of this action. Any such sum so paid shall be due and owing Plaintiff.

WHEREFORE, the Association demands the following relief:

a.      That the Court determine the amount of delinquent assessments, interest, late fees, costs and attorney's fees and determine that Plaintiff's lien is superior to the interest of the Defendant; and

b.      That the Court enter judgment for the entire amount due, providing for a foreclosure of sale of the property in the event that the total amount due is not paid, in accordance with the practices of this Court and applicable law; and

c.      For such other and additional relief that the Court shall deem proper.

## COUNT II – PERSONAL JUDGMENT

14.      This is an action for damages against Defendant, SECRETARY OF HOUSING AND URBAN DEVELOPMENT, for unpaid assessments in an amount less than $15,000.00, exclusive of interest, late fees, costs and attorney's fees.

15.      Plaintiff realleges Paragraphs 2, 3, 4, 5, 6, 7, 8, 9, 11 and 12 of Count I, and incorporates these by reference herein.

16.      As the owner of the subject property, Defendant, SECRETARY OF HOUSING AND URBAN DEVELOPMENT is personally liable for the unpaid assessments, interest late fees, costs and attorney's fees pursuant to the sections of the Declaration referred to above.   The amount of accelerated assessments that are owed through December 2010 are $8,298.01. Additional assessments are coming due thereafter.

WHEREFORE, Plaintiff, LAKE CHASE CONDOMINIUM ASSOCIATION, INC. demands judgment against Defendant, SECRETARY OF HOUSING AND URBAN DEVELOPMENT personally for the total amount of unpaid assessments, interest, late fees, costs and attorney's fees in the event that Plaintiff elects a money judgment rather than a foreclosure judgment.

BUSINESS LAW GROUP, P.A.
301 W. Platt Street, #375
Tampa, FL 33606
(813) 258-8588

By: _____
BRUCE M. RODGERS
Florida Bar #0908215

This instrument prepared by, or under the supervision of
(and after recording, return to):

Gary A. Saul, Esq.
Greenberg Traurig, P.A.
1221 Brickell Avenue,
Miami, FL 33131

INSTR # 2005091581
O BK 14750 PG 0034
Pgs 0034 - 162; (129pgs)
RECORDED 03/08/2005 09:57:22 AM
CLERK OF COURT
HILLSBOROUGH COUNTY
DEPUTY CLERK B Edson

(Reserved for Clerk of Court)

## BEST IMAGES AVAILABLE

### DECLARATION
### OF
### LAKE CHASE CONDOMINIUM

Lake Chase 433, LLC , a Florida limited liability company, hereby declares:

1. Introduction and Submission.

1.1 The Land. The Developer (as hereinafter defined) is the owner of that certain land, located in Hillsborough County, Florida, as more particularly described in Exhibit "1" attached hereto (the "Land").

1.2 The Easements. The Land is burdened by, and benefits from: (i) that certain Access Easement Agreement dated July 7, 1998 and recorded in Official Records Book 09135, Page 0931, as amended by Amendment to Access Easement Agreement recorded in Official Records Book 10548, Page 1946, and (ii) Brown Parcel 3 and Countryside Development Inc. Parcel 3 Easement, recorded in Official Records Book 9489, Page 1498 of the Public Records of the County, as hereinafter defined (together, the "Easement Agreements"), which provide, among other things for pedestrian and vehicular ingress and egress to and from the Condominium Property, all as more particularly described in the Easement Agreements.

1.3 Submission Statement. Except as set forth in this subsection 1.3, Developer hereby submits the Land and all improvements erected or to be erected thereon, and all other property, real, personal or mixed, now or hereafter situated on or within the Land - but excluding all public or private (e.g. cable television and/or other receiving or transmitting lines, fiber, antennae or equipment) utility installations and all leased property therein or thereon- and the rights granted under the Easement Agreements (but not fee title to the property therein described to the extent such property is not contained in the Land), to the condominium form of ownership and use in the manner provided for in the Florida Condominium Act as it exists on the date hereof and as it may be hereafter renumbered. Without limiting any of the foregoing, no property, real, personal or mixed, not located within or upon the Land as aforesaid shall for any purposes be deemed part of the Condominium or be subject to the jurisdiction of the Association, the operation and effect of the Florida Condominium Act or any rules or regulations promulgated pursuant thereto, unless expressly provided. Further, without limiting any of the foregoing, no portion of the fee title of the properties burdened by the Easement Agreements (the "Easement Parcels"), shall for any purposes be deemed part of the Condominium or Condominium Property or be subject to the jurisdiction of the Association, the operation and effect of the Florida Condominium Act or any rules or regulations promulgated pursuant thereto. Only the use rights granted in the Easement Agreements and the obligations imposed thereunder shall be deemed part of the Condominium and subject to the jurisdiction of the Association, the operation and effect of the Florida Condominium Act and any rules or regulations promulgated pursuant thereto.

1.4 Name. The name by which this condominium is to be identified is LAKE CHASE CONDOMINIUM (hereinafter called the "Condominium").

2. Definitions. The following terms when used in this Declaration and in its exhibits, and as it and they may hereafter be amended, shall have the respective meanings ascribed to them in this Section, except where the context clearly indicates a different meaning:

2.1 "Act" means the Florida Condominium Act (Chapter 718 of the Florida Statutes) as it exists on the date hereof and as it may be hereafter renumbered.

2.2 "Articles" or "Articles of Incorporation" mean the Articles of Incorporation of the Association, as amended from time to time.

EXHIBIT "A"



THIS IS NOT A CERTIFIED COPY

(Reserved for Clerk of Court)

    (a)    Assessment of the Developer as a Unit Owner for capital improvements;

    (b)    Any action by the Association that would be detrimental to the sales of Units by the Developer or the assignment of Limited Common Elements by the Developer for consideration; provided, however, that an increase in Assessments for Common Expenses without discrimination against the Developer shall not be deemed to be detrimental to the sales of Units.

12.    <u>Determination of Common Expenses and Fixing of Assessments Therefor.</u>  The Board of Directors shall from time to time, and at least annually, prepare a budget for the Condominium and the Association, determine the amount of Assessments payable by the Unit Owners to meet the Common Expenses of the Condominium and allocate and assess such expenses among the Unit Owners in accordance with the provisions of this Declaration and the By-Laws.  The Board of Directors shall advise all Unit Owners promptly in writing of the amount of the Assessments payable by each of them as determined by the Board of Directors as aforesaid and shall furnish copies of the budget, on which such Assessments are based, to all Unit Owners and (if requested in writing) to their respective mortgagees.  The Common Expenses shall include the expenses of and reserves for (if required by, and not waived in accordance with, applicable law) the operation, maintenance, repair and replacement of the Common Elements and Association Property, costs of carrying out the powers and duties of the Association and any other expenses designated as Common Expenses by the Act, this Declaration, the Articles or By-Laws of the Association, applicable rules and regulations or by the Association.  Incidental income to the Association, if any, may be used to pay regular or extraordinary Association expenses and liabilities, to fund reserve accounts, or otherwise as the Board shall determine from time to time, and need not be restricted or accumulated.  Any Budget adopted shall be subject to change to cover actual expenses at any time.  Any such change shall be adopted consistent with the provisions of this Declaration and the By-Laws.

13.    <u>Collection of Assessments.</u>

    13.1    <u>Liability for Assessments.</u> A Unit Owner, regardless of how title is acquired, including by purchase at a foreclosure sale or by deed in lieu of foreclosure shall be liable for all Assessments coming due while he is the Unit Owner.  Additionally, a Unit Owner shall be jointly and severally liable with the previous Owner for all unpaid Assessments that came due up to the time of the conveyance, without prejudice to any right the Owner may have to recover from the previous Owner the amounts paid by the grantee Owner.  The liability for Assessments may not be avoided by waiver of the use or enjoyment of any Common Elements or by the abandonment of the Unit for which the Assessments are made or otherwise.

    13.2    <u>Special and Capital Improvement Assessments.</u>  In addition to Assessments levied by the Association to meet the Common Expenses of the Condominium and the Association, the Board of Directors may levy "Special Assessments" and "Capital Improvement Assessments" upon the following terms and conditions:

    (a)    "Special Assessments" shall mean and refer to an Assessment against each Owner and his or her Unit, representing a portion of the costs incurred by the Association for specific purposes of a nonrecurring nature which are not in the nature of capital improvements.

    (b)    "Capital Improvement Assessments" shall mean and refer to an Assessment against each Owner and his or her Unit, representing a portion of the costs incurred by the Association for the acquisition, installation, construction or replacement (as distinguished from repairs and maintenance) of any capital improvements located or to be located within the Common Elements or Association Property.

    (c)    Special Assessments and Capital Improvement Assessments may be levied by the Board and shall be payable in lump sums or installments, in the discretion of the Board; provided that, if such Special Assessments or Capital Improvement Assessments, in the aggregate in any year, exceed three percent (3%) of the then estimated operating budget of the Association, the Board must obtain approval of a majority of the voting interests represented at a meeting at which a quorum is attained.

Declaration<br>17

THIS IS NOT A
CERTIFIED COPY

(Reserved for Clerk of Court)

13.3    Default in Payment of Assessments for Common Expenses. Assessments and installments thereof not paid within ten (10) days from the date when they are due shall bear interest at fifteen percent (15%) per annum from the date due until paid and shall be subject to an administrative late fee in an amount not to exceed the greater of $25.00 or five percent (5%) of each delinquent installment. The Association has a lien on each Condominium Parcel to secure the payment of Assessments. Except as set forth below, the lien is effective from, and shall relate back to, the date of the recording of this Declaration. However, as to a first mortgage of record, the lien is effective from and after the date of the recording of a claim of lien in the Public Records of the County, stating the description of the Condominium Parcel, the name of the record Owner and the name and address of the Association. The lien shall be evidenced by the recording of a claim of lien in the Public Records of the County. To be valid, the claim of lien must state the description of the Condominium Parcel, the name of the record Owner, the name and address of the Association, the amount due and the due dates, and the claim of lien must be executed and acknowledged by an officer or authorized officer of the Association. The claim of lien shall not be released until all sums secured by it (or such other amount as to which the Association shall agree by way of settlement) have been fully paid or until it is barred by law. No such lien shall be effective longer than one (1) year after the claim of lien has been recorded unless, within that one (1) year period, an action to enforce the lien is commenced. The one (1) year period shall automatically be extended for any length of time during which the Association is prevented from filing a foreclosure action by an automatic stay resulting from a bankruptcy petition filed by the Owner or any other person claiming an interest in the Unit. The claim of lien shall secure (whether or not stated therein) all unpaid Assessments, which are due and which may accrue subsequent to the recording of the claim of lien and prior to the entry of a certificate of title, as well as interest and all reasonable costs and attorneys' fees incurred by the Association incident to the collection process. Upon payment in full, the person making the payment is entitled to a satisfaction of the lien in recordable form. The Association may bring an action in its name to foreclose a lien for unpaid Assessments in the manner a mortgage of real property is foreclosed and may also bring an action at law to recover a money judgment for the unpaid Assessments without waiving any claim of lien. The Association is entitled to recover its reasonable attorneys' fees incurred either in a lien foreclosure action or an action to recover a money judgment for unpaid Assessments.

As an additional right and remedy of the Association, upon default in the payment of Assessments as aforesaid and after thirty (30) days' prior written notice to the applicable Unit Owner and the recording of a claim of lien, the Association may accelerate and declare immediately due and payable all installments of Assessments for the remainder of the fiscal year. In the event that the amount of such installments changes during the remainder of the fiscal year, the Unit Owner or the Association, as appropriate, shall be obligated to pay or reimburse to the other the amount of increase or decrease within ten (10) days of same taking effect.

13.4    Notice of Intention to Foreclose Lien. No foreclosure judgment may be entered until at least thirty (30) days after the Association gives written notice to the Unit Owner of its intention to foreclose its lien to collect the unpaid Assessments. If this notice is not given at least thirty (30) days before the foreclosure action is filed, and if the unpaid Assessments, including those coming due after the claim of lien is recorded, are paid before the entry of a final judgment of foreclosure, the Association shall not recover attorney's fees or costs. The notice must be given by delivery of a copy of it to the Unit Owner or by certified or registered mail, return receipt requested, addressed to the Unit Owner at the last known address, and upon such mailing, the notice shall be deemed to have been given. If after diligent search and inquiry the Association cannot find the Unit Owner or a mailing address at which the Unit Owner will receive the notice, the court may proceed with the foreclosure action and may award attorney's fees and costs as permitted by law. The notice requirements of this Subsection are satisfied if the Unit Owner records a Notice of Contest of Lien as provided in the Act.

13.5    Appointment of Receiver to Collect Rental. If the Unit Owner remains in possession of the Unit after a foreclosure judgment has been entered, the court in its discretion may require the Unit Owner to pay a reasonable rental for the Unit. If the Unit is rented or leased during the pendency of the foreclosure action, the Association is entitled to the appointment of a receiver to collect the rent. The expenses of such receiver shall be paid by the party which does not prevail in the foreclosure action.

Declaration
18

Business Law Group P.A.
301 W. Platt St. #375
Tampa, FL 33606


Secretary of HUD
c/o Michaelson, Connor, and Boul
4400 Will Rogers Parkway, Ste 300
Oklahoma City, OK 73108
**CERTIFIED MAIL AND FIRST CLASS MAIL**


October 14, 2010

Re: LAKE CHASE CONDOMINIUM ASSOCIATION, INC. vs. Secretary of HUD

Dear Secretary of HUD:

This firm represents LAKE CHASE CONDOMINIUM ASSOCIATION, INC. ("Lake Chase Condos") who's physical address is 9494 LAKE CHASE ISLAND WAY  TAMPA FL, 33626. According to Lake Chase Condos's records, you are the owner of unit 9642-29 (your "Unit") which has a delinquent assessment balance.

Pursuant to the Declaration of Condominium, you have been charged 15% interest on your delinquent assessment balance, plus administrative late fees of the greater of $25 or 5% of the delinquent assessment for each delinquent assessment. **Please remit a check payable to Business Law Group, P.A.**

**As of this date, your outstanding balance is:**

| | |
|---|---|
| Assessments | $6,729.89 |
| Interest | $832.93 |
| Administrative Late Fees | $450.00 |
| Legal Fees | $1,663.24 |
| Collection Costs | $145.00 |
| **Total** | **$9,821.06** |

**Payments can be made with check sent to Business Law Group. Checks should be payable to Business Law Group at the address below. You may also pay online by credit card at www.BLawGroup.com.** Please indicate your Lake Chase Condos building and unit number with payment. If you disagree with these charges please complete the attached Dispute Form.  To avoid miscommunications, this firm will only communicate with you regarding a dispute in writing.

If payment or a written dispute of amounts owed is not received within thirty days of the date of this letter, the association will have the right to file a lien against your Unit.  **THIS LETTER SHALL SERVE AS NOTICE OF INTENT TO LIEN REQUIRED BY SECTION 718.121, FLA. STAT.**  The lien against your Unit will be for the above referenced amount plus additional attorney's fees and costs, additional interest and administrative late fees that will accrue after the 1st day your payment was due and other charges as determined by the Board of Directors of Lake Chase Condos pursuant to its Declaration, including the acceleration of the remaining    assessments    being    due    and    payable    for    the    balance    of    this    fiscal    year.

# BUSINESS LAW GROUP, P.A.
### ATTORNEYS AT LAW

Please direct payment payable to Business Law Group, P.A. at the address below. Payments sent to Lake Chase Condos will be returned and will cause additional delay in posting and will result in additional interest and administrative late fees.

As to any owner who is currently in bankruptcy or whose debt has been discharged in bankruptcy, LAKE CHASE CONDOMINIUM ASSOCIATION, INC. is only exercising its rights against the Property described above, and is not attempting to hold the owner personally liable for any debt that has been discharged in bankruptcy.

Notice: The undersigned attorney may be considered to be a debt collector, and is attempting to collect a debt owed to the Association, and any information obtained will be used for that purpose. In the absence of any notice, unless you, within thirty (30) days after receipt of this letter, dispute the validity of the aforesaid debt (or any portion thereof) owing to the Association, this law firm shall assume that the said debt is valid. If you notify the undersigned within the said thirty (30) day period that the aforesaid debt, or any portion thereof, is disputed, the undersigned attorney shall obtain written verification of the said debt from the association and mail the same to you. If you dispute the amount due, please provide cancelled checks or other evidence of payment, if applicable.

Thank you in advance for your prompt payment of amounts owed to date.

Sincerely,

*M Casanover*

Michael H. Casanover, Esq.

Enclosures:   Dispute form
Cc:           LAKE CHASE CONDOMINIUM ASSOCIATION, INC.
              LM Funding, LLC

301 W. Platt St. #375 · TAMPA, FL 33606
FAX 1-866-941-4796
BLG1@BLawGroup.com

# Dispute Form – LAKE CHASE CONDOMINIUM ASSOCIATION, INC.

Please use this form to dispute missed payments, account charges, account balances, or any other valid discrepancy on your account's report. All disputes must be in writing and accompanied with the owner information requested below. Disputes can be mailed, faxed or e-mailed to the following:

|  |  |
|---|---|
| Mail: | Business Law Group P.A. |
|  | 301 W. Platt St. #375 |
|  | Tampa, FL 33606 |
| Fax: | 1-866-941-4796 |
| E-mail: | disputes@blawgroup.com |

## Please, do not contact the management company with any disputes. They will only refer you to Business Law Group.

All valid written disputes received will be reviewed, investigated and responded to. Use of the dispute form is in addition to your statutory rights under Chapter 718, Florida Statutes and specifically your right to file a Notice of Contest of Lien. Please fill out the information below, review our common disputes and discrepancy explanations below and provide a written explanation of dispute(s).

Owner Names: _____

Owner Address: _____

Condo Unit #: _____ Phone #'s: _____

Fax #: _____ E-mail address: _____

## ☐ Check Here if you are requesting a detailed statement for your account

## Please provide detailed explanation of your dispute(s). Copies of checks, bank statements, and any relevant correspondence that supports your dispute(s) can also be attached.

## Common Dispute Explanations and Resolution Information:

Valid Disputes – Valid disputes and accounting errors and/or omissions will be investigated and in the event charges and fees were inappropriately assessed they will be promptly corrected.

Payments have been made but are not credited to account – To resolve, please provide copies of cleared checks (front & back), and/or copy of bank statements verifying payments made but not referenced on your account balance report.

Late interest charges – Late interest charges will accrue daily on unpaid assessment balances. These charges are assessed pursuant to your condo declaration, bylaws, and Section 718.116, Florida Statute.

Monthly Administrative late fees – are charged monthly when a delinquent account balance exists. Fee will be assessed in an amount equal to the greater of a) $25 per month, or b) 5% of monthly assessment, pursuant to Section 718.116, Florida Statute unless stated otherwise in your condominium declaration.

Notice to Owners of a delinquent account balance & late charge assessments - Pursuant to the condo declaration, bylaws, and Section 718.116, Florida Statute there are no notices required before late interest charges or administrative late fees are charged, the Owners notice of such was acknowledged by taking ownership subject to their condo documents. If you have a valid dispute regarding notice, please explain below.

Posting Dates of Payments Made – You have been instructed to mail all payments to Business Law Group, P.A. (BLG). When payments are received by BLG, they are posted to owner accounts on the same day. Payments sent to Lake Chase Condos will typically take additional time to post because they need to be endorsed by the Association, re-mailed, and received by BLG before they are posted to an account.

Assessments are stated as being delinquent after making assessment payments and/or partial payments – Pursuant to the condo declaration of Lake Chase Condos and Section 718.116 (3), Florida Statutes, past due assessments are the last to be credited from

partial payment(s) received. Assessment balances can often remain outstanding after payments are applied. Payments must be applied in order to interest, late fees, attorney's fees, and costs and then to past due assessments.

Collection Cost Charges: Pursuant to condo declaration, by-laws, and Florida Statutes, the Association has the right to charge unit owners for costs of collection; including but not limited to attorney's fees, which are incident to the collection of assessments or enforcement of a lien for assessments. BLG has been retained to assist in lien and collection efforts.  BLG's expenses are passed through to your account balance as they are incurred.

Additional legal charges associated with owners hiring attorney - BLG charges flat fees for collection, lien filing, foreclosure actions, and costs.  However, in the event a condo Owner does hire an attorney to communicate with BLG, the Association may add time charges to such Owner's account for BLG's time.  BLG's additional time charges accrue at approximately $250 per hour and will be Owner's responsibility per condo declaration, by-laws, and Section 718.116 (5) Florida Statutes.

Acceleration of all assessments due and payable for fiscal year - Pursuant to condo declaration, by-laws, and Section 718.116, Florida Statutes, a delinquent owner's assessments can be accelerated and deemed due and payable for the balance of the fiscal year.  Upon being served notice that an account has been accelerated, there is a 15-day grace period to pay accelerated balances due.  After the 15-day grace period has expired for payment of the accelerated balance, late interest will accrue and administrative late fees will be charged to the owner on all accelerated months.

When will Foreclosure Occur? -  Section 718.116, Fla. Stat., requires the association to file a foreclosure action within one year of filing a lien or the lien expires.  A foreclosure action may be filed as early as thirty days after delivery of a notice of intent to foreclose.

Payment Plans & Discounted Payoff Proposals – No payment plans will be entered into and no discounted payoff proposals will be accepted.

Business Law Group P.A.
301 W. Platt St. #375
Tampa, FL 33606

U.S. Department of HUD
Five Points Plaza
40 Marietta Street
Atlanta, GA 30303
**CERTIFIED MAIL AND FIRST CLASS MAIL**

November 15, 2010

Re: LAKE CHASE CONDOMINIUM ASSOCIATION, INC. vs. U.S. Department of HUD

Dear U.S. Department of HUD :

This firm represents LAKE CHASE CONDOMINIUM ASSOCIATION, INC. ("Lake Chase Condos") who's physical address is 9494 LAKE CHASE ISLAND WAY  TAMPA FL, 33626.  According to Lake Chase Condos's records, you are the owner of unit 9642-29 (your "Unit") which has a delinquent assessment balance.

Lake Chase Condos has filed a lien against your Unit for delinquent assessments, interest, administrative fees, attorneys' fees, and costs. To date, you continue to have an outstanding balance.

**As of this date, your outstanding balance is:**

| | |
|---|---|
| Assessments | $6,729.89 |
| Interest | $918.66 |
| Administrative Late Fees | $541.49 |
| Legal Fees | $2,023.24 |
| Collection Costs | $165.00 |
| **Total** | **$10,378.28** |

Lake Chase Condos intends to file an action for foreclosure upon your Unit if all amounts owed are not paid within thirty days of the date hereof.

Additionally, effective 30 days from the date of this letter, Lake Chase Condos intends to exercise its right to accelerate all assessments owed upon your Unit for the balance of the fiscal year (through December 31, 2010.)

# BUSINESS LAW GROUP, P.A.
## ATTORNEYS AT LAW

If payment is made after 12/15/2010, additional late fees, interest, and attorney's fees will be added to the balance due on your statement. A Dispute Form is attached if you dispute any of the charges set forth on your statement. To avoid miscommunications, this firm will only communicate with you regarding a dispute in writing.

**Checks should be payable to Business Law Group at the address below. Payments sent to Lake Chase Condos will be returned and will cause additional delay in posting and will result in additional interest and administrative late fees. You may also pay online by credit card at www.BLawGroup.com.** Please indicate your Lake Chase Condos building and unit number on the check.

**As to any owner who is currently in bankruptcy or whose debt has been discharged in bankruptcy, LAKE CHASE CONDOMINIUM ASSOCIATION, INC. is only exercising its rights against the Property described above, and is not attempting to hold the owner personally liable for any debt that has been discharged in bankruptcy.**

Notice: The undersigned attorney may be considered to be a debt collector, and is attempting to collect a debt owed to the Association, and any information obtained will be used for that purpose. In the absence of any notice, unless you, within thirty (30) days after receipt of this letter, dispute the validity of the aforesaid debt (or any portion thereof) owing to the Association, this law firm shall assume that the said debt is valid. If you notify the undersigned within the said thirty (30) day period that the aforesaid debt, or any portion thereof, is disputed, the undersigned attorney shall obtain written verification of the said debt from the association and mail the same to you. If you dispute the amount due, please provide cancelled checks or other evidence of payment, if applicable.

Thank you in advance for your prompt payment of amounts owed to date.

Sincerely,

*M. Casanover*

Michael H. Casanover, Esq.

| | |
|---|---|
| Enclosures: | Dispute form |
| Cc: | LAKE CHASE CONDOMINIUM ASSOCIATION, INC. |
| | LM Funding, LLC |

**301 W. Platt St. #375 · TAMPA, FL 33606**
**FAX 1-866-941-4796**
**BLG1@BLawGroup.com**

THIS IS NOT A CERTIFIED COPY

**CLAIM OF LIEN**
**FOR ASSESSMENTS**

Prepared by, record and return to:
Business Law Group P.A.
301 W. Platt St. #375
Tampa, FL 33606
Estoppels@BLawGroup.com

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

Before me, the undersigned notary, appeared Michael H. Casanover, Esq., Authorized Agent of LAKE CHASE CONDOMINIUM ASSOCIATION, INC., a Florida not-for-profit corporation on behalf of the corporation. He took an oath and is personally known to me, and he is the Authorized Agent for the Association, whose post office address is c/o Business Law Group, 301 W. Platt St. #375, Tampa, FL 33606, and that pursuant to statute 718.116 of the Florida Statutes as well as the Declaration of Condominium hereinafter described, said Association is owed $6729.89 in unpaid regular assessments through Nov-2010, with additional assessments coming due monthly, and hereby claims a lien for this amount. Additionally, this claim of Lien secures all unpaid and accelerated assessments, interest, late fees if any, costs of attorneys' fees which are due and which may accrue subsequent to the date of this Claim of Lien, and prior to entry of a Final Judgment of Foreclosure.

PROPERTY OWNER(s): U.S. Department of HUD

LEGAL DESCRIPTION:

**THAT CERTAIN CONDOMINIUM PARCEL COMPOSED OF UNIT NO. 9642, BUILDING 29, OF LAKE CHASE CONDOMINIUM AND AN UNDIVIDED INTEREST OR SHARE IN THE COMMON ELEMENTS APPURTENANT THERETO, IN ACCORDANCE WITH; AND SUBJECT TO THE COVENANTS, CONDITIONS, RESTRICTIONS, EASEMENTS, TERMS AND OTHER PROVISIONS OF THE DECLARATION OF CONDOMINIUM, AS RECORDED IN OFFICIAL RECORDS BOOK 14750 PAGE 34 THROUGH 162 AND MODIFIED IN OFFICIAL RECORDS BOOK 14481 PAGES 1968 THROUGH 1970, AND AMENDED IN OFFICIAL RECORDS BOOK 15596 PAGES 1955 THROUGH 2008, AND ANY AMENDMENTS THERETO, AND THE PLAT THEREOF, AS RECORDED IN CONDOMINIUM PLAT BOOK, OF THE PUBLIC RECORDS OF HILLSBOROUGH COUNTY, FLORIDA.**

The amount due to the Lienor remains outstanding as of this day, Monday, November 15, 2010

LAKE CHASE CONDOMINIUM ASSOCIATION, INC.

BY _____
Michael H. Casanover, Esq., Authorized Agent

_____
Witness Signature

_____
Witness Signature

STATE OF FLORIDA )
COUNTY OF HILLSBOROUGH )

The forgoing instrument was acknowledged before me this 15 day of Nov. 2010, by Michael H. Casanover, Esq., who is personally known to me.

_____
Notary Public, State of Florida
My Commission Expires

RYAN DURAN
MY COMMISSION #DD846086
EXPIRES: DEC 16, 2012
Bonded through 1st State Insurance

THIS COMMUNICATION IS FROM A DEBT COLLECTOR; THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

9642-29

EXHIBIT "Y."

IN THE COUNTY COURT OF THE 13TH JUDICIAL CIRCUIT IN AND FOR
HILLSBOROUGH COUNTY, FLORIDA

LAKE CHASE
CONDOMINIUM ASSOCIATION, INC.

CASE NO:       # 1 0   3 4 5 6 1

　　　　Plaintiff

vs.

SECRETARY OF HOUSING AND URBAN
DEVELOPMENT; ET AL

　　　　Defendant(s)

### NOTICE OF LIS PENDENS

TO THE ABOVE NAMED DEFENDANTS AND ALL OTHERS WHOM IT MAY CONCERN:

　　　　YOU ARE HEREBY NOTIFIED of the institution of this action by Plaintiff against you involving title
to the following property in Hillsborough County, Florida:

**THAT CERTAIN CONDOMINIUM PARCEL COMPOSED OF UNIT NO. 9642, BUILDING 29, OF
LAKE CHASE CONDOMINIUM AND AN UNDIVIDED INTEREST OR SHARE IN THE COMMON
ELEMENTS APPURTENANT THERETO, IN ACCORDANCE WITH; AND SUBJECT TO THE
COVENANTS, CONDITIONS, RESTRICTIONS, EASEMENTS, TERMS AND OTHER PROVISIONS
OF THE DECLARATION OF CONDOMINIUM, AS RECORDED IN OFFICIAL RECORDS BOOK
14750 PAGE 34 THROUGH 162 AND MODIFIED IN OFFICIAL RECORDS BOOK 14481 PAGES 1968
THROUGH 1970, AND AMENDED IN OFFICIAL RECORDS BOOK 15596 PAGES 1955 THROUGH
2008, AND ANY AMENDMENTS THERETO, AND THE PLAT THEREOF, AS RECORDED IN
CONDOMINIUM PLAT BOOK, OF THE PUBLIC RECORDS OF HILLSBOROUGH COUNTY,
FLORIDA.**

THE NATURE OF THE ACTION IS A COMPLAINT TO FORECLOSE A CLAIM OF LIEN FOR
CONDOMINIUM ASSESSMENTS.

　　　　DATED this _16_ day of _December_, 2010.

　　　　　　　　　　　　　　　BUSINESS LAW GROUP, P.A.
　　　　　　　　　　　　　　　301 W. Platt Street, #375
　　　　　　　　　　　　　　　Tampa, FL 33606
　　　　　　　　　　　　　　　(813) 258-8588

INSTRUMENT#: 2011002172, O BK 20281
PG 1476-1476 01/04/2011 at 09:18:03 AM,
DEPUTY CLERK: AHOLTZMAN Pat Frank,
Clerk of the Circuit Court Hillsborough County

　　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　BRUCE M. RODGERS
　　　　　　　　　　　　　　　　　　Florida Bar #0908215

RETURN TO COUNTY CIVIL

IN THE COUNTY COURT OF THE 13TH JUDICIAL CIRCUIT IN AND FOR
HILLSBOROUGH COUNTY, FLORIDA

LAKE CHASE                                    CASE NO:    **# 10 34561**
CONDOMINIUM ASSOCIATION, INC.

      Plaintiff

vs.

SECRETARY OF HOUSING AND URBAN
DEVELOPMENT; ET AL

      Defendant(s)
_____

## CIVIL ACTION SUMMONS

THE STATE OF FLORIDA

To Each Sheriff of the State:

    **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint in
this action on Defendant:

      SERVE:     U.S. Department of Housing and Urban Development
               451 7th Street S.W.
               Washington, D.C. 20410

    Each Defendant is required to serve written defenses to the Complaint on Plaintiff's Attorney,
whose address is:

               Bruce M. Rodgers, Esq.
               BUSINESS LAW GROUP, P.A.
               301 W. Platt Street, #375
               Tampa, FL 33606
               (813) 258-8588

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to
file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or
immediately thereafter. If a Defendant fails to do so, a Default will be entered against that Defendant for
the relief demanded in the Complaint.

WITNESS my hand and Seal of said Court.

DATED on _____ DEC 2 7 2010 _____, 2010

As Clerk of said Court

By: _____
As Deputy Clerk

MICHAELA MATTHEWS

## IMPORTANT

A lawsuit has been filed against you.  You have twenty (20) calendar days after this Summons is served on you to file a written response to the attached Complaint in this Court.  A phone call will not protect you; your written response, including the above case number and named parties, must be filed if you want the Court to hear your case.  If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene viente (20) dias, contados a partir del recibo de esta notificacion, para contester la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas en dicho caso.  Si usted no contesta la demand a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal..  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado inmediatemente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney." (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites Judiciaries ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une reponse ecrite a la plainte ci-jointe auprès de ce Tribunal.  Un simple coup de telephone est insuffisant pour vous proteger; vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocet.  Si vous ne connaissez pas d'avocat, vous pourriez telephone a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalment, en meme temps que cette formalite, faire parvenir ou expediter une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocet) nomme ci-dessous.

IN THE COUNTY COURT OF THE 13TH JUDICIAL CIRCUIT IN AND FOR
HILLSBOROUGH COUNTY, FLORIDA

LAKE CHASE                                    CASE NO:    # 1 0   3 4 5 6 1
CONDOMINIUM ASSOCIATION, INC.

     Plaintiff

vs.

SECRETARY OF HOUSING AND URBAN
DEVELOPMENT; ET AL

     Defendant(s)

_____

## CIVIL ACTION SUMMONS

THE STATE OF FLORIDA

To Each Sheriff of the State:

     **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint in
this action on Defendant:

     SERVE:     John Doe, as Unknown Tenant in Possession
                9642 Lake Chase Island Way #9642-29
                Tampa, FL 33626

     Each Defendant is required to serve written defenses to the Complaint on Plaintiff's Attorney,
whose address is:

                Bruce M. Rodgers, Esq.
                BUSINESS LAW GROUP, P.A.
                301 W. Platt Street, #375
                Tampa, FL 33606
                (813) 258-8588

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to
file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or
immediately thereafter. If a Defendant fails to do so, a Default will be entered against that Defendant for
the relief demanded in the Complaint.

WITNESS my hand and Seal of said Court.

DATED on _____ DEC 2 7 2010 _____, 2010

As Clerk of said Court

By: _____
As Deputy Clerk

MICHAELA MATTHEWS

## IMPORTANT

A lawsuit has been filed against you.  You have twenty (20) calendar days after this Summons is served on you to file a written response to the attached Complaint in this Court.  A phone call will not protect you; your written response, including the above case number and named parties, must be filed if you want the Court to hear your case.  If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene viente (20) dias, contados a partir del recibo de esta notificacion, para contester la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas en dicho caso.  Si usted no contesta la demand a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado inmediatemente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney."  (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites Judiciaries ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce Tribunal.  Un simple coup de telephone est insuffisant pour vous proteger; vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocet.  Si vous ne connaissez pas d'avocat, vous pourriez telephone a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalment, en meme temps que cette formalite, faire parvenir ou expediter une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocet) nomme ci-dessous.

IN THE COUNTY COURT OF THE 13TH JUDICIAL CIRCUIT IN AND FOR
HILLSBOROUGH COUNTY, FLORIDA

LAKE CHASE
CONDOMINIUM ASSOCIATION, INC.

CASE NO:   **# 10 34561**

Plaintiff

vs.

SECRETARY OF HOUSING AND URBAN
DEVELOPMENT; ET AL

Defendant(s)

_____

## CIVIL ACTION SUMMONS

THE STATE OF FLORIDA

To Each Sheriff of the State:

    **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint in this action on Defendant:

SERVE:    Jane Doe, as Unknown Tenant in Possession
           9642 Lake Chase Island Way #9642-29
           Tampa, FL 33626

    Each Defendant is required to serve written defenses to the Complaint on Plaintiff's Attorney, whose address is:

           Bruce M. Rodgers, Esq.
           BUSINESS LAW GROUP, P.A.
           301 W. Platt Street, #375
           Tampa, FL 33606
           (813) 258-8588

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a Default will be entered against that Defendant for the relief demanded in the Complaint.

## IMPORTANT

A lawsuit has been filed against you.  You have twenty (20) calendar days after this Summons is served on you to file a written response to the attached Complaint in this Court.  A phone call will not protect you; your written response, including the above case number and named parties, must be filed if you want the Court to hear your case.  If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene viente (20) dias, contados a partir del recibo de esta notificacion, para contester la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas en dicho caso.  Si usted no contesta la demand a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado inmediatemente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney." (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites Judiciaries ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce Tribunal.  Un simple coup de telephone est insuffisant pour vous proteger; vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocet.  Si vous ne connaissez pas d'avocat, vous pourriez telephone a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalment, en meme temps que cette formalite, faire parvenir ou expediter une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocet) nomme ci-dessous.

WITNESS my hand and Seal of said Court.

DATED on _____ DEC 2 7 2010 _____, 2010

As Clerk of said Court

By: _____
As Deputy Clerk

MICHAELA MATTHEWS

ff:CFF LAKE CHASE #9642-29

## AFFIDAVIT OF SERVICE

IN THE CIRCUIT COURT OF HILLSBOROUGH COUNTY, FLORIDA

PLAINTIFF LAKE CHASE CONDOMINIUM ASSOCIATION, INC.; et seq.
vs.
DEFENDANT  SECRETARY OF HOUSING AND URBAN DEVELOPMENT, ET AL,
DEFENDANT TO BE SERVED: **U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**

CASE NO 29 2010 CC 034561                    TYPE OF PROCESS  (x) SUMMONS & COMPLAINT (x) LIS PENDENS
DIVISION L                                                        ( ) OTHER

Received this process on the **12/28/2010 at 10:00 AM**
I  (x) served   ( ) not served   the within-named defendant.
DATE/TIME: **1/4/2011 10:59:00 AM** _____            ADDRESS WHERE SERVED  **451 7TH ST S.W.**
                                                             (OR ATTEMPTED)         **WASHINGTON, DC 20410**

(x)                  CORPORATE, PARTNERSHIP, ASSOCIATION OR GOVERNMENT SERVICE: By delivering a true copy of the process with the
                     date and hour of service endorsed by me and a copy of the complaint to:
                     **PINKEY ELLIOTT**
                     **as AUTHORIZED LEGAL AGENT** of said entity.

( )                  In absence of the president, vice-president, other head of the corporation, cashier, treasurer, secretary, general manager, director, officer or
                     business agent residing in the state as defined by F.S. 48.081.

( )                  For failure of the Registered Agent to be his/her designated place for service pursuant to 48.091 and by serving the above named person
                     as employee of said corporation at the corporation's place of business.

**Description of Person Accepting Service:**

| Sex: | Age: | Race: | Height: | Weight: | Hair |
|------|------|-------|---------|---------|------|
| FEMALE | 46-50 | BLACK | 6ft 0in - 6ft 3in | 291 lbs - 310 lbs | Brown |

COMMENTS:

I hereby certify that I am over the age of 18, I am not a party to this action and have no interest in the process being served, and I am a Certified Process Server or
Special Process Server in good standing in the judicial circuit/county in which the process was served, and/or am otherwise duly authorized to have served process in
the jurisdiction where process was served.
**"Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true." F.S. 92.525**

X _____

Christian Miles
Special Process Server #:
County
STATE OF  Washington DC

COUNTY OF _____
Sworn to or affirmed and signed before me this ___ day of January 2011
(Seal)

                     _____
                     Signature of Notary Public

                     Printed Name of Notary Public
                     **Michael Molash**
(X) Personally known      Notary Public, District of Columbia
( ) Produced _____ as identification   My Commission Expires 7/14/2012

re:CFF LAKE CHASE #9642-29

# RETURN OF SERVICE

IN THE COUNTY COURT OF HILLSBOROUGH COUNTY, FLORIDA

PLAINTIFF LAKE CHASE CONDOMINIUM ASSOCIATION, INC.; et seq.
vs.
DEFENDANT  SECRETARY OF HOUSING AND URBAN DEVELOPMENT, ET AL,
DEFENDANT TO BE SERVED: JOHN DOE, AS UNKNOWN TENANT IN POSSESSION

CASE NO 29 2010 CC 034561                    TYPE OF PROCESS   (x) SUMMONS & COMPLAINT (x) LIS PENDENS
DIVISION L                                                     ( ) OTHER

Received this process on the 12/28/2010 at 12:00 PM
I  ( ) served   (x) not served   the within named defendant.
DATE/TIME: 12/28/2010 4:25:00 PM _____       ADDRESS WHERE SERVED   9642 LAKE CHASE ISLAND WAY #9642-29
                                                        (OR ATTEMPTED)         TAMPA, FL 33626

(x)  NON-SERVICE: By return the same on 12/28/2010 4:25:00 PM for the reason that after due and diligent search the within name could not be located after visiting the above
     listed address and inquiring with neighbors .

( )  Military Status:    ( ) Refused        ( ) No            ( ) Yes              Branch:
( )  Marital Status:     ( ) Refused        ( ) Not married   ( ) Married          ( ) Married, but separated
(x)  Mobile Home        ( ) Yes/VIN Not Visible   (x) No      ( ) Yes              Vin:

     COMMENTS:
     VACANT
     NO FURNITURE INSIDE; SECURED BY FIELD SERVICES.

I hereby certify that I am over the age of 18, I am not a party to this action and have no interest in the process being served, and I am a Certified Process Server or Special Process
Server in good standing in the judicial circuit/county in which the process was served, and/or am otherwise duly authorized to have served process in the jurisdiction where
process was served.
"Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true." F.S. 92.525

X _____                       Notary Not Required Pursuant to FS 92.525

Michael G. Murray
Certified Process Server #: 07-651804
County HILLSBOROUGH



RE: CFF LAKE CHASE #9642-29

# RETURN OF SERVICE

IN THE COUNTY COURT OF HILLSBOROUGH COUNTY, FLORIDA

PLAINTIFF LAKE CHASE CONDOMINIUM ASSOCIATION, INC.; et seq.

vs.

DEFENDANT SECRETARY OF HOUSING AND URBAN DEVELOPMENT, ET AL,

DEFENDANT TO BE SERVED: JANE DOE, AS UNKNOWN TENANT IN POSSESSION

CASE NO 29 2010 CC 034561                    TYPE OF PROCESS   (x) SUMMONS & COMPLAINT (x) LIS PENDENS
DIVISION L                                                     ( ) OTHER

_____

Received this process on the **12/28/2010 at 12:00 PM**

I   ( ) served   (x) not served   the within named defendant.

DATE/TIME:  **12/28/2010 4:25:00 PM** _____   ADDRESS WHERE SERVED   **9642 LAKE CHASE ISLAND WAY #9642-29**
(OR ATTEMPTED)   **TAMPA, FL 33626**

(x) NON-SERVICE: By return the same on **12/28/2010 4:25:00 PM** for the reason that after due and diligent search the within name could not be located after visiting the above
listed address and inquiring with neighbors .

| | | | | |
|---|---|---|---|---|
| ( ) Military Status: | ( ) Refused | ( ) No | ( ) Yes | Branch: |
| ( ) Marital Status: | ( ) Refused | ( ) Not married | ( ) Married | ( ) Married, but separated |
| (x) Mobile Home | ( ) Yes/VIN Not Visible | (x) No | ( ) Yes | Vin: |

COMMENTS:
VACANT
NO FURNITURE INSIDE; SECURED BY FIELD SERVICES.

..... .... I, the ... am over the age of 18, I am not a party to this action and have no interest in the process being served, and I am a Certified Process Server or Special Process
Server in good standing in the judicial circuit/county in which the process was served, and/or am otherwise duly authorized to have served process in the jurisdiction where
process was served.

**"Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true." F.S. 92.525**

X _____                              Notary Not Required Pursuant to FS 92.525

Michael G. Murray
Certified Process Server #: 07-651804
County HILLSBOROUGH

IN THE COUNTY COURT OF THE 13TH JUDICIAL CIRCUIT IN AND FOR
HILLSBOROUGH COUNTY, FLORIDA

LAKE CHASE
CONDOMINIUM ASSOCIATION, INC.

CASE NO: 10-CC-034561

DIVISION: L

     Plaintiff

vs.

SECRETARY OF HOUSING AND URBAN
DEVELOPMENT; ET AL

     Defendant(s)

_____

## MOTION FOR DEFAULT

Plaintiff, LAKE CHASE CONDOMINIUM ASSOCIATION, INC., by and through undersigned counsel,

moves for entry of default by the Clerk against Defendant, SECRETARY OF HOUSING AND URBAN

DEVELOPMENT for failure to serve any paper on the undersigned or file any paper as required by law.

**DATED** this ___27___ day of ___Jan.___, 2011.

_____
Bruce M. Rodgers
Florida Bar: #0908215
Business Law Group, P.A.
301 W. Platt Street, #375
Tampa, FL 33606
813-222-8996
Attorney for Plaintiff

## DEFAULT

A default is entered in this action against the Defendants named in the foregoing motion for failure to

serve or file any paper required by law.    JAN 3 1 2011

**DATED** this _____ day of _____, 2011.

          PAT FRANK
          As Clerk of the Court

          _____
          As Deputy Clerk

IN THE COUNTY COURT OF THE 13TH JUDICIAL CIRCUIT IN AND FOR
HILLSBOROUGH COUNTY, FLORIDA

LAKE CHASE
CONDOMINIUM ASSOCIATION, INC.

      Plaintiff

vs.

SECRETARY OF HOUSING AND URBAN
DEVELOPMENT; ET AL

      Defendant(s)

CASE NO: 10-CC-034561

DIVISION: L



## MOTION FOR FINAL JUDGMENT OF FORECLOSURE AFTER DEFAULT

Plaintiff, LAKE CHASE CONDOMINIUM ASSOCIATION, INC., moves for the entry of a

Final Judgment of Foreclosure After Default in favor of LAKE CHASE CONDOMINIUM

ASSOCIATION, INC., and against defendant, SECRETARY OF HOUSING AND URBAN

DEVELOPMENT, and in support of its motion, states:

1. Defendant, SECRETARY OF HOUSING AND URBAN DEVELOPMENT, was duly

served with the complaint as evidenced by the original Affidavit of Service which is in the court file.

2. In accordance with the Rules of Court, Defendant was required to respond to the

Complaint by January 24, 2011.

3. As of this date, defendant has failed to serve any paper on the undersigned or file any

paper as required by law.

4. Attached to this motion are affidavits which establish the indebtedness of the defendant

to plaintiff.

WHEREFORE, Plaintiff, LAKE CHASE CONDOMINIUM ASSOCIATION, INC., requests that this Court enter a Final Judgment of Foreclosure After Default in favor of Plaintiff, awarding $18,217.09 which consists of principal debt, interest, costs and attorney's fees.

DATED this _16th_ day of _June_, 2011.


Bruce M. Rodgers
Florida Bar: #0908215
Business Law Group, P.A.
301 W. Platt Street, #375
Tampa, FL  33606
813-379-3804
Attorney for Plaintiff

IN THE COUNTY COURT OF THE 13TH JUDICIAL CIRCUIT IN AND FOR
HILLSBOROUGH COUNTY, FLORIDA

LAKE CHASE
CONDOMINIUM ASSOCIATION, INC.

      Plaintiff

vs.

SECRETARY OF HOUSING AND URBAN
DEVELOPMENT; ET AL

      Defendant(s)

CASE NO:  10-CC-034561

DIVISION:  L



**PLAINTIFF'S AFFIDAVIT OF COSTS**

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

    BEFORE ME, the undersigned authority, this day personally appeared Bruce M.

Rodgers, who, being first duly sworn on oath, deposes and says:

    1.    He is the attorney for Plaintiff in this action, and is familiar with the costs

expended by, or on behalf of, Plaintiff.

    2.    The costs expended by Plaintiff in prosecuting this action are as follows:

| | | |
|---|---|---|
| (a) Clerk of the Court: | | $335.00 |
| (b) Service of Process: | | $165.00 |
| (c) Recording Fees: | | $ 40.00 |
| (d) Title Search Fees: | | $125.00 |
| | TOTAL: | $665.00 |

6/16/11

_____
Bruce M. Rodgers
Florida Bar: #0908215
Business Law Group, P.A.
301 W. Platt Street, #375
Tampa, FL  33606
813-379-3804
Attorney for Plaintiff

_____
Notary Public – State of Florida

Personally Known _____
OR
Produced Identification _____

Type of Identification Produced _____

(Seal)

Notary Public State of Florida
Karen Blakely
My Commission EE072226
Expires 04/03/2015

IN THE COUNTY COURT OF THE 13TH JUDICIAL CIRCUIT IN AND FOR
HILLSBOROUGH COUNTY, FLORIDA

LAKE CHASE
CONDOMINIUM ASSOCIATION, INC.

      Plaintiff

vs.

SECRETARY OF HOUSING AND URBAN
DEVELOPMENT; ET AL

      Defendant(s)

CASE NO:  10-CC-034561

DIVISION:  L



---

**AFFIDAVIT OF PLAINTIFF IN SUPPORT OF
MOTION FOR FINAL JUDGMENT**

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

BEFORE ME, the undersigned authority duly authorized to administer oaths and take
acknowledgments, personally appeared, Aaron L. Gordon, by me first duly sworn, deposes and
says:

    1.      The undersigned has personal knowledge of all matters stated herein.

    2.      The undersigned is the Inside Legal Counsel of LM Funding, LLC which is the
Attorney-in Fact and authorized representative of the Plaintiff, LAKE CHASE
CONDOMINIUM ASSOCIATION, INC.

    3.      The Plaintiff, LAKE CHASE CONDOMINIUM ASSOCIATION, INC. is a
Florida corporation lawfully existing under the laws of the State of Florida, and is the
condominium association of that certain development known as "Grand Central" located in
Hillsborough County, Florida.

    4.      The Defendant, SECRETARY OF HOUSING AND URBAN DEVELOPMENT,
the owner of property at 9642 Lake Chase Island Way, Unit #9642-29, Tampa, FL 33626, the
description of which unit is stated in the Complaint filed in the above-styled case, owe the
Plaintiff as of the date of this Affidavit the sum of $13,028.85 in past due assessments, finance

charges and late fees. Each month following the date of this Affidavit following the expiration of the grace period with the assessment going unpaid, an additional late charge of $25 will be charged each month.

5.    Additionally, the Defendant owes the Plaintiff attorney's fees, costs of suit and interest, pursuant to the terms of the Declaration of Plaintiff. The total sum owed Plaintiff by the Defendant of the date of this Affidavit is $18,217.09.

6.    Plaintiff, LAKE CHASE CONDOMINIUM ASSOCIATION, INC. has asserted its Claim of Lien again the condominium unit to secure payment of the unpaid assessment and maintenance fees.

FURTHER AFFIANT SAITH NAUGHT.

_____
Aaron L. Gordon
Inside Legal Counsel
LM Funding, LLC
Attorney-in-Fact for Lake Chase
Condominium Association, Inc.

STATE OF FLORIDA     )
COUNTY OF HILLSBOROUGH    )

Sworn to and subscribed before me on _____June 14, 2011_____, by Aaron L. Gordon as Inside Legal Counsel of LM Funding, LLC, the Attorney-in Fact for LAKE CHASE CONDOMINIUM ASSOCIATION, INC.

_____
Notary Public – State of Florida

> MARGO T. VALENTI
> MY COMMISSION # DD 734452
> EXPIRES: March 14, 2012
> Bonded Thru Notary Public Underwriters

Personally Known _____✓
OR
Produced Identification _____

Type of Identification Produced _____

(Seal)

IN THE COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

LAKE CHASE
CONDOMINIUM ASSOCIATION, INC.

CASE NO:  10-CC-034561

DIVISION:  L

     Plaintiff

vs.

SECRETARY OF HOUSING AND URBAN
DEVELOPMENT, ET AL.,

     Defendant(s)



## PLAINTIFF'S AFFIDAVIT OF ATTORNEY'S FEES

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

     BEFORE ME, the undersigned authority, this day personally appeared Fred Mills, who, being first duly sworn on oath, deposes and says:

     1.     I have been a member of The Florida Bar in good standing since October 1984.  I have been practicing in the state court system throughout Southwest and Central Florida for over twenty six (26) years including cases in the THIRTEENTH (13th) Judicial Circuit in and for Hillsborough County, Florida.

     2.     I am familiar with the attorneys fees ordinarily charged by other attorneys and allowed by the Judges presiding over cases in this circuit.

     3.     I have examined and reviewed the Plaintiff's file including correspondence, memoranda, pleadings, motions, affidavits, and other material maintained by Business Law Group, P.A., counsel for Plaintiff in this cause and have otherwise become familiar with the issues involved in this cause.

     4.     Affiant has considered and evaluated the eight factors set forth in Rule 4-1.5 of the Rules Regulating The Florida Bar.

5.    Affiant has considered those factors that merit a reduction or enhancement of the attorneys' fees in this case, if any.

6.    Plaintiff originally filed a lien foreclosure action against the prior owner of the property in question. The Defendant, in the meantime, foreclosed its mortgage on the property and took title to the property. The Defendant then failed and refused to pay the assessments due on the property forcing the Plaintiff to file a second foreclosure action which resulted in additional attorney's fees and court costs being incurred.

7.    I have been advised that Plaintiff's attorney has expended considerable time in handling this matter to date. I recognize that it will be necessary for the Plaintiff's attorney to expend additional time subsequent to the date of this Affidavit in the performance of services necessary to conclude this matter, and have been advised by Plaintiff's attorney that an additional two (2) hours is expected. All factors considered, Affiant is of the opinion that a reasonable attorneys' fee of Three Thousand Seven Hundred Sixty and 00/100 Dollars ($3,760.00) should be awarded Business Law Group, P.A. for its services in this cause.

FURTHER AFFIANT SAYETH NAUGHT.

Frederick J. Mills, Esquire
Fla. Bar No. 441805
MORRISON & MILLS, P.A.
1200 W. Platt Street, Suite 100
Tampa, FL 33606
Phone: (813) 379-3804

Notary Public – State of Florida
Personally Known _____
OR
Produced Identification _____

Type of Identification Produced _____

PATTI N. SUTTER
MY COMMISSION # DD 980263
EXPIRES: May 13, 2014
Bonded Thru Notary Public Underwriters

# IN THE COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
## IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

**LAKE CHASE CONDOMINIUM**
**ASSOCIATION, INC.**
      **Plaintiff,**

v.
                             **CASE NO.**   **10-CC-034561**
                                   **DIVISION:**  **L**

**SECRETARY OF HOUSING AND URBAN**
**DEVELOPMENT,;ET AL,**
      **Defendant(s)**
_____/



## NOTICE OF HEARING
### (UMC)

**Notice is hereby given** that this case will be called for a hearing as follows:

DATE AND TIME:     Wednesday, October 5, 2011, @ 9:45 a.m.
MATTER:            Motion for Final Judgment of Foreclosure after Default
JUDGE:              The Honorable Joelle Ann Ober
LOCATION:         800 E. Twiggs Street, Courtroom 300, Tampa, Florida, 33602
TIME RESERVED:   UMC

BRUCE M. RODGERS, Esquire
Florida Bar No. 0908215
DAWN WEIGER O'NEILL, Esquire
Florida Bar No. 831778
**BUSINESS LAW GROUP P.A.**
301 W. Platt Street #375
Tampa, Florida 33606
Telephone: (813)379-3804
Facsimile: (813)253-3820

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Hillsborough County Courthouse, 800 E. Twiggs St., Room 604, Tampa, Florida 33602, (813) 272-7040, at least 7 days before your scheduled court appearance is less than 7 days: if you are hearing or voice impaired, call 711.



# IN THE COUNTY COURT IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
## CIVIL DIVISION

Date <u>October 5, 2011</u>        Division " **L** "        Case No. **10-34561**

Plaintiff **LAKE CHASE CONDO ASSN INC**

Defendant **HOUSING AND URBAN DEVELOPMENT**

| PLAINTIFF/ ATTORNEY _Donna_ | DEFENDANT/ ATTORNEY _9:59_ |
|---|---|
| ☐ Appeared by Telephone | ☐ Appeared by Telephone |
| ☐ no appearance | ☑ no appearance |

| *MOTION HEARING* | *GRANTED* | *DENIED* |
|---|---|---|
| [ ] MOTION FOR SUMMARY JUDGMENT | [ ] | [ ] |
| [ ] MOTION FOR JUDGMENT ON PLEADINGS | [ ] | [ ] |
| [ ] MOTION TO COMPEL | [ ] | [ ] |
| [ ] MOTION FOR CONTEMPT | [ ] | [ ] |
| [ ] MOTION TO DISMISS | [ ] | [ ] |
| [ ] MOTION TO STRIKE | [ ] | [ ] |
| [ ] MOTION TO TRANSFER | [ ] | [ ] |
| [ ] MOTION TO AMEND | [ ] | [ ] |
| [ ] MOTION TO WITHDRAW | [ ] | [ ] |
| [ ] MOTION FOR ORDER OF ARREST | [ ] | [ ] |
| [✓] MOTION FOR  F.J. of Foreclosure | [✓] | [ ] |
| [ ] MOTION TO | [ ] | [ ] |
| [ ] RULE TO SHOW CAUSE/ ORDER TO SHOW CAUSE | [ ] | [ ] |
| [ ] OTHER: | [ ] | [ ] |

COMMENTS _____

_____

_____

_____

COURT REPORTER: _____

SWORN TESTIMONY TAKEN FROM : _____



THIS IS NOT A CERTIFIED COPY

IN THE COUNTY COURT OF THE 13TH JUDICIAL CIRCUIT IN AND FOR
HILLSBOROUGH COUNTY, FLORIDA

LAKE CHASE
CONDOMINIUM ASSOCIATION, INC.

CASE NO: 10-CC-034561

DIVISION: L

     Plaintiff

vs.

SECRETARY OF HOUSING AND URBAN
DEVELOPMENT; ET AL

     Defendant(s)

2011 OCT -6 AM 10: 05
HILLSBOROUGH COUNTY, FLA
COUNTY CIVIL
FILED
CLERK OF COUNTY COURT

## FINAL JUDGMENT OF FORECLOSURE AFTER DEFAULT

THIS CAUSE having come before the Court on October 5 , 2011, upon the

motion of Plaintiff, LAKE CHASE CONDOMINIUM ASSOCIATION, INC. for the entry of a

final judgment of lien foreclosure after default, and the Court having reviewed the pleadings and

affidavits and being otherwise fully advised in the premises, the Court finds as follows:

    A.    The defendant has been duly and regularly served, and the Court has jurisdiction

over the parties and the subject matter of this action.

    B.    The Claim of Lien sued upon in this action is in default as alleged in the

complaint.

    C.    The Claim of Lien sued upon by LAKE CHASE CONDOMINIUM

ASSOCIATION, INC. in this action constitutes a valid lien upon the property therein described.

    D.    As to the defendant, there are no genuine issues of material fact, and plaintiff is

entitled to a judgment in is favor as a matter of law.

    E.    **IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE**

**ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO**

DISP REPORTED

UCT 6 - 2011

RETURN
CO...

THIS IS NOT A CERTIFIED COPY

ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THIS FINAL JUDGMENT.

F.    IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN 60 DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.

ORDERED AND ADJUDGED THAT LAKE CHASE CONDOMINIUM ASSOCIATION, INC's  motion for the entry of a final judgment of lien foreclosure against the defendant is hereby GRANTED and that final judgment of foreclosure ("the Judgment") is hereby entered in accordance with the terms that follow.

1.    There is due and owing from the defendant, SECRETARY OF HOUSING AND URBAN DEVELOPMENT, to Plaintiff, LAKE CHASE CONDOMINIUM ASSOCIATION, INC. as of June, 2011, under the Claim of Lien the following sums:

| | | |
|---|---|---:|
| (a) Past Due Assessments: | | $10,569.17 |
| (b) Accrued Interest: | | $ 1,743.19 |
| (c) Prior Legal Fees paid by Association | | $   763.24 |
| (d) Late Fees: | | $   716.49 |
| (e) Clerk's Filing Fee | | $   335.00 |
| (f) Service of Process | | $   165.00 |
| (g)  Recording Fees: | | $     40.00 |
| (h) Title Search Fees: | | $   125.00 |
| | Subtotal | $14,457.09 |
| | Attorney's fees: | $ 3,760.00 |
| | TOTAL AMOUNT DUE: | $18,217.09 |

2.    Plaintiff has a Claim of Lien to secure the payment of the above sums against the real, personal and other property located in Hillsborough County, Florida, including but not limited to the realty, any building permits or development rights, furniture, furnishings, fixtures,

THIS IS NOT A CERTIFIED COPY

goods, equipment and inventory located on the above-described real property. Plaintiff's lien in and upon the real, personal and other property is prior, paramount and superior to all rights, claims, lien interests, encumbrances and equities of the defendant and all persons claiming by, through or under the defendant and the property will be sold free and clear of any claims whatsoever of the defendant.

3.      If the total sum with interest at the rate prescribed by law and all costs of this action accruing subsequent to this judgment are not paid within five (5) days from this date, the Clerk of the Court, after publication of notice required by Chapter 45 of the Florida Statutes, shall sell the following described property at public sale on _november 18_, 2011 at _2:00 pm_ to the highest and best bidder for cash, at the Hillsborough County Courthouse, Hillsborough County, Florida, in accordance with Section 45.031, Florida Statutes, except the clerk shall not conduct the sale unless Plaintiff or its representative is present to bid at the sale.

4.      The property to be sold is identified as follows:

**THAT CERTAIN CONDOMINIUM PARCEL COMPOSED OF UNIT NO. 9642, BUILDING 29, OF LAKE CHASE CONDOMINIUM AND AN UNDIVIDED INTEREST OR SHARE IN THE COMMON ELEMENTS APPURTENANT THERETO, IN ACCORDANCE WITH; AND SUBJECT TO THE COVENANTS, CONDITIONS, RESTRICTIONS, EASEMENTS, TERMS AND OTHER PROVISIONS OF THE DECLARATION OF CONDOMINIUM, AS RECORDED IN OFFICIAL RECORDS BOOK 14750 PAGE 34 THROUGH 162 AND MODIFIED IN OFFICIAL RECORDS BOOK 14481 PAGES 1968 THROUGH 1970, AND AMENDED IN OFFICIAL RECORDS BOOK 15596 PAGES 1955 THROUGH 2008, AND ANY AMENDMENTS THERETO, AND THE PLAT THEREOF, AS RECORDED IN CONDOMINIUM PLAT BOOK, OF THE PUBLIC RECORDS OF HILLSBOROUGH COUNTY, FLORIDA.**

5.      Out of the proceeds arising from the sale of the property, the Clerk shall retain their fees and shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of the Court costs; second, documentary stamps affixed to the Certificate; third, the total sum due to Plaintiff as set forth in this Judgment plus interest at the rate prescribed by law from this date to the date of the sale. If the property shall sell for more than enough to pay the above mentioned sums with interest, the Clerk shall retain the surplus and report to this Court for the Court's further order.

THIS IS NOT A CERTIFIED COPY

6. Plaintiff will advance all subsequent costs of this action and be reimbursed for them by the clerk of this court if Plaintiff is not the purchaser of the property for sale. If Plaintiff is the purchaser of the property for sale, the clerk will credit Plaintiff's bid with the total sum with interest and cost accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full.

7. Upon a sale being had in accordance with Chapter 45 of the Florida Statutes, and upon eh Clerk filing the Certificate of Sale and the Certificate of Title, the sale shall stand confirmed and the defendant and all persons claiming by, through or under them shall be forever barred and foreclosed of any equity or right of redemption whatsoever in and to the above described and the purchaser at the sale shall be let into possession of the property; further, any and all persons whosoever claiming against the subject property by virtue of any liens or other interests unrecorded as of the date of the filing of Plaintiff's Lis Pendens with the Clerk of this Court shall be forever barred from asserting any such liens or other interests, and any such liens or other interests shall be discharged forever, in accordance with the Florida Statutes.

8. This Court retains jurisdiction of this cause for the purposes of making all other orders and judgments as may be necessary and proper, including but not limited to, deficiency judgments and writs of assistance, determining, claims to any surplus, avoiding supplementary attorney's fees, and granting such other relief as may be appropriate.


DONE AND ORDERED IN Chambers at _____,

Hillsborough County, Florida, this _____ day of _____, 2011.

_____
County Court Judge

IN THE CIRCUIT COURT FOR THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA



LAKE CHASE
CONDOMINIUM ASSOCIATION, INC.

CASE NO: 10-CC-034561

     Plaintiff

DIVISION: L

vs.

SECRETARY OF HOUSING AND URBAN
DEVELOPMENT; ET AL

     Defendant(s)

### NOTICE OF SALE

NOTICE IS GIVEN that, in accordance with the Final Judgment of Foreclosure entered October 5, 2011 in the above styled cause, in the Circuit Court of Hillsborough County Florida, the Clerk will sell to the highest and best bidder the following described property in accordance with Section 45.031 of the Florida Statutes:

**THAT CERTAIN CONDOMINIUM PARCEL COMPOSED OF UNIT NO. 9642, BUILDING 29, OF LAKE CHASE CONDOMINIUM AND AN UNDIVIDED INTEREST OR SHARE IN THE COMMON ELEMENTS APPURTENANT THERETO, IN ACCORDANCE WITH; AND SUBJECT TO THE COVENANTS, CONDITIONS, RESTRICTIONS, EASEMENTS, TERMS AND OTHER PROVISIONS OF THE DECLARATION OF CONDOMINIUM, AS RECORDED IN OFFICIAL RECORDS BOOK 14750 PAGE 34 THROUGH 162 AND MODIFIED IN OFFICIAL RECORDS BOOK 14481 PAGES 1968 THROUGH 1970, AND AMENDED IN OFFICIAL RECORDS BOOK 15596 PAGES 1955 THROUGH 2008, AND ANY AMENDMENTS THERETO, AND THE PLAT THEREOF, AS RECORDED IN CONDOMINIUM PLAT BOOK, OF THE PUBLIC RECORDS OF HILLSBOROUGH COUNTY, FLORIDA.**

at public sale, to the highest and best bidder, for cash on **November 18, 2011 at 2:00 P.M. at The George E.**

**Edgecomb Courthouse, 800 E. Twiggs St., Room 202, Tampa, FL 33602.**

Any person claiming an interest in the surplus from the sale, if any, other than the property owner as of the date of the lis pendens must file a claim within 60 days after the sale.

Witness my hand and seal of this Court on the ____ day of OCT 15 2011, 2011.

As Clerk of the Court

By: _Ales De La Roe_

As Deputy Clerk
ALEXIS DE LA ROSA

THIS INSTRUMENT PREPARED BY:
Business Law Group, P.A.
301 W. Platt Street, #375
Tampa, Florida 33606
Telephone: (813) 379-3804
Attorneys for Plaintiff

**TO BE PUBLISHED IN: Free Press Publishing**

# The Free Press

**(Published Weekly)**

**Tampa, Hillsborough County, Florida**

FILED
CLERK CIRCUI...

AD

STATE OF FLORIDA,
COUNTY OF HILLSBOROUGH.

2011 NOV 18 PM 1:21

*Before the undersigned authority personally appeared JOHNNY HARRISON, IV, who on oath says that he is Publisher of THE FREE PRESS, a weekly newspaper published at Tampa, in Hillsborough County, Florida, that the attached copy of advertising being a true copy in the matter of*

*Case No. 10-CC-034561*

*NOTICE OF SALE*

*LAKE CHASE CONDOMINIUM ASSOCIATION, INC.,*
*Plaintiff,*
*vs.*
*SECRETARY OF HOUSING AND URBAN DEVELOPMENT; et al,*
*Defendant.*

*in the Circuit Court of Hillsborough County, Florida, was published in said newspaper in the issues of October 22 and 29, 2011.*

*Affiant further says that the said THE FREE PRESS is a newspaper published at Tampa, in said Hillsborough County, and that the said newspaper has heretofore been continuously published in said Hillsborough County, Florida, each week and has been entered as a second-class mail matter at the post office in Tampa, in said Hillsborough County, Florida for a period of one year next preceding the first publication of the attached copy of advertisement; and affiant further says that he has neither paid nor promised any person, firm or corporation any discount, rebate, commission or refund for the purpose of securing this advertisement for publication in the said newspaper.*

*This 29th of October, 2011.*



*who is personally known to me*
*SWORN TO and subscribed before me*

*This 29th of October, 2011.*

*Jennifer Ward*

JENNIFER WARD
Comm# DD0799542
Expires 6/3/2012
Florida Notary Assn., Inc

CASE NO. 10-CC-034561
DIVISION: L
NOTICE OF SALE

IN THE CIRCUIT COURT FOR THE
THIRTEENTH JUDICIAL CIRCUIT IN
AND FOR HILLSBOROUGH COUNTY,
FLORIDA

LAKE CHASE CONDOMINIUM ASSOCIA-
TION, INC.,
Plaintiff,
vs.
SECRETARY OF HOUSING AND URBAN
DEVELOPMENT; ET AL,
Defendant.

NOTICE IS GIVEN that, in accordance
with the Final Judgment of Foreclosure
entered October 5, 2011 in the above
styled cause, in the Circuit Court of
Hillsborough County, Florida, I will sell the
following described property on accor-
dance with Section 45.031 of the Florida
Statutes:
THAT CERTAIN CONDOMINIUM PARCEL
COMPOSED OF UNIT 9642, BUILDING
29, OF LAKE CHASE CONDOMINIUM
AND AN UNDIVIDED INTEREST OR
SHARE IN THE COMMON ELEMENTS
APPURTENANT THERETO, IN ACCOR-
DANCE WITH; AND SUBJECT TO THE
COVENANTS, CONDITIONS, RESTRIC-
TIONS, EASEMENTS, TERMS AND
OTHER PROVISIONS OF THE DECLARA-
TION OF CONDOMINIUM, AS
RECORDED IN OFFICIAL RECORDS
BOOK 14750, PAGE 34 THROUGH
162; AND MODIFIED IN OFFICIAL
RECORDS BOOK 14481, PAGES 1968
THROUGH 1970, AND AMENDED IN
OFFICIAL RECORDS BOOK 15596,
PAGES 1955 THROUGH 2008, AND
ANY AMENDMENTS THERETO, AND
THE PLAT THEREOF, AS RECORDED IN
CONDOMINIUM PLAT BOOK, OF THE
PUBLIC RECORDS OF HILLSBOROUGH
COUNTY, FLORIDA;
at public sale, to the highest and best
bidder, for cash, on November 18, 2011,
at 2:00 P.M. at the George E. Edgecomb
Courthouse, 800 E. Twiggs Street, Room
201/202, Tampa, Florida 33602.
Any person claiming an interest in the
surplus from the sale, if any, other than
the property owner as of the date of the
Lis Pendens must file a claim within sixty
(60) days after the sale.
If you are a person with a disability who
needs any accommodations in order to
participate in this proceeding, you are
entitled, at no cost to you, to the provi-
sion of certain assistance. Please con-
tact the ADA Coordinator, Hillsborough
County Courthouse 800 E. Twiggs St.,
Room 604, Tampa, Florida, 33602,
(813) 272-7040, at least 7 days before
your scheduled court appearance, or
immediately upon receiving this notifica-
tion if the time before the scheduled
appearance is less than 7 days; if you are
hearing or voice impaired, call 711.
Witness my hand and seal of this Court
on the 15th day of October, 2011.,
2011.
PAT FRANK
(Seal) CLERK OF THE COURT
By: ALEXIS DE LA ROSA
DEPUTY CLERK OF COURT
ATTORNEY FOR PLAINTIFF:
Business Law Group, P. A.
301 W. Platt Street, #375
Tampa, FL 33606
Telephone: (813) 379-3804   10-22 x 29

**IN THE COUNTY COURT FOR THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA**

LAKE CHASE
CONDOMINIUM ASSOCIATION, INC.

CASE NO:  10-CC-034561

DIVISION:  L

      Plaintiff

vs.

SECRETARY OF HOUSING AND URBAN
DEVELOPMENT, ET AL

      Defendant(s)

_____

## CERTIFICATE OF SALE

The undersigned Clerk of the Court certifies that notice of public sale of the property described in the Order or Final Judgment was published in the Free Press newspaper circulated in Hillsborough County, Florida, in the manner shown by the attached Proof of Publication filed in this cause, and on November 18, 2011, the property was offered for public sale to the highest and best bidder for cash. The highest and best bid received for the property in the amount of $ 53,500 · 00 was submitted by MATERA HOME INC, to whom the property was sold. The proceeds of the sale are retained for distribution in accordance with the Order or Final Judgment or law.

WITNESS my hand and the seal of this Court, on the _____ day of NOV 18 2011 _____ 2011.

(SEAL)

AS CLERK OF THE COURT

*Matera Home Inc*

PROPERTY SOLD TO
HIGHEST BID $ 53,500

By: _____
Deputy Clerk
ALEXIS DE LA ROSA

Conformed Copies to:

Bruce M. Rodgers, Esq.
Secretary of Housing and Urban Development

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT OF THE STATE OF
FLORIDA, IN AND FOR HILLSBOROUGH COUNTY
GENERAL CIVIL DIVISION

CASE NO.:  10-CC-034561   Division L

LAKE CHASE CONDO ASSN INC
        PLAINTIFF,

vs

DOE, JANE; DOE, JOHN; HOUSING AND URBAN DEVELPOMENT et al.
        DEFENDANT,



### CERTIFICATE OF MAILING

I, PAT FRANK, Clerk of Circuit Court do hereby certify that on _NOV 2 1 2011_ I mailed a true and correct
copy of the _____S1ALES_____ to:

See attached:


Pursuant to Florida Statute Chapter 45.031.

        WITNESS my hand and the seal of this court on _____NOV 2 1 2011_____.

                        PAT FRANK,
                        As CLERK OF THE COURT

                        _Jenny Alvarez_
                        AS DEPUTY CLERK
                                JENNY ALVAREZ

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT OF THE STATE OF

FLORIDA IN AND FOR HILLSBOROUGH COUNTY

GENERAL CIVIL DIVISION

CASE NO:  10-CC-034561  Division L

FILED

LAKE CHASE CONDOMINIUM ASSOCIATION INC

    PLAINTIFF(S)

Clerk of Circuit Court

vs.

11/29/2011 10:59 AM

Hillsborough County, FL

SECRETARY OF HOUSING AND URBAN DEVELOPMENT, et al

    DEFENDANT(S)

# CERTIFICATE OF TITLE

The undersigned Clerk of the Circuit Court certifies that he executed and filed a Certificate of Sale in this action on November 18, 2011, for the property described herein and that no objection to the sale has been filed within the time allowed for filing objections.

The following property in Hillsborough County, Florida:

THAT CERTAIN CONDOMINIUM PARCEL COMPOSED OF UNIT NO. 9642, BUILDING 29, OF LAKE CHASE CONDOMINIUM AND AN UNDIVIDED INTEREST OR SHARE IN THE COMMON ELEMENTS APPURTENANT THERETO, IN ACCORDANCE WITH, AND SUBJECT TO THE COVENANTS, CONDITIONS, RESTRICTIONS, EASEMENTS, TERMS AND OTHER PROVISIONS OF THE DECLARATION OF CONDOMINIUM, AS RECORDED IN OFFICIAL RECORDS BOOK 14750 PAGE 34 THROUGH 162 AND MODIFIED IN OFFICIAL RECORDS BOOK 14481 PAGES 1968 THROUGH 1970, AND AMENDED IN OFFICIAL RECORDS BOOK 15596 PAGES 1955 THROUGH 2008, AND ANY AMENDMENTS THERETO, AND THE PLAT THEREOF, AS RECORDED IN CONDOMINIUM PLAT BOOK, OF THE PUBLIC RECORDS OF HILLSBOROUGH COUNTY, FLORIDA.

INSTRUMENT#: 2011388512, O BK 20830
PG 1734-1734  12/01/2011 at 11:45:51 AM,
DOC TAX PD(F.S.201.02)  $374.50  DEPUTY
CLERK: SLEWIS Pat Frank, Clerk of the
Circuit Court Hillsborough County

was sold to:  MATERA HOMES, INC.

    914 LAKE SAPPHIRE

    LUTZ, FL 33548

WITNESS my hand and the seal of this court on November 29, 2011

Pat Frank

Clerk of the Court

Deputy Clerk

FELICIA PATTERSON

THIS INSTRUMENT PREPARED BY: Felicia Patterson

Pat Frank, CLERK OF THE CIRCUIT COURT

P O BOX 989, TAMPA FL 33601

RETURN TO ONE....

Prepared by and return to:
Whitworth Title Group, Inc
3001 North Rocky Point, Suite 200, Tampa, Florida 33607
Parcel ID No: 003545.0606

## Quit Claim Deed

Made this January 5, 2012 A.D.by **Matera Homes, Inc, a Florida Corporation**, whose post office address is P. O. Box 2706, Lutz, Florida 33548 hereinafter called the grantor, to **Matera Homes, Inc, a Florida Corporation and Equity Heights, LLC, a Limited Liability Company** whose post office address is: P. O. Box 2706, Lutz, Florida 33548 hereinafter called the grantee:

(Whenever used herein the term "grantor" and "grantee" include all the parties to this instrument and the heirs, legal re-presentatives and assigns of individuals, and the successors and assigns of corporations)

**Witnesseth,** that the grantor, for and in consideration of the sum of $ TEN AND NO/100 DOLLARS ($10.00) and other valuable considerations, receipt whereof is hereby acknowledged, does hereby remise, release, and quit claim unto the grantee forever, all the right, title, interest, claim and demand which the said grantor has in and to, all that certain land situate in Hillsborough County, Florida, viz:

Unit No. 9642, Building No. 29, LAKE CHASE CONDOMINIUM, a Condominium together with an undivided share in the common elements appurtenant thereto, according to the Declaration of Condominium and all of its attachments and amendments, as recorded in Official Records Book 14750, Page 34, of the Public Records of Hillsborough County, Florida.

**This deed is being executed to reflect the correct name of the title holders which was omitted in the certificate of title; documentary stamps were paid in connection with said certificate of title.**

**Together** with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.

**To Have and to Hold,** the same together with all and singular the appurtenances thereunto belonging or in anywise appertaining, and all the estate, right, title, interest, lien, equity and claim whatsoever of the said grantor, either in law or equity, to the only proper use, benefit and behoof of the said grantee forever.

**In Witness Whereof,** the said grantor has signed and sealed these presents the day and year first above written.

Signed, sealed and delivered
in the presence of:

Matera Homes, Inc

PRES

_____ (Seal)

Witness Printed Name _Terri_____
by: John Matera, President
Address: P. O. Box 2706, Lutz, Florida 33548

Equity Heights, LLC

Witness Printed Name _Melissa Ward____

_____ (Seal)

by: Ray Thomas, Manager
Address: 4326 W. El Prado, Suite 9, Tampa, Florida 33629

State of Florida
County of Hillsborough

THE FOREGOING INSTRUMENT was acknowledged before me this 5th day of January, 2012 by John Matera, President of Matera Homes, Inc, Ray Thomas, Manager of Equity Heights, LLC, who are personally known to me or who have produced drivers license as identifications.

Notary Public
Print Name: _Natalia Grisales_____
My Commission Expires: _____

WHITWORTHTITLEGROUP.COM)



NATALIA GRISALES
MY COMMISSION # DD 965260
EXPIRES: January 25, 2014
Bonded Thru Notary Public Underwriters

Margaret Chmielewski
Whitworth Title Group, Inc.
3001 North Rocky Point, Suite 200, Tampa, Florida 33607
Parcel ID No: 003545.0606

# Quit Claim Deed

Made this January 5, 2012 A.D. by **Matera Homes, Inc**, a Florida Corporation, whose post office address is P. O. Box 2706, Lutz, Florida 33548 hereinafter called the grantor, to **Matera Homes, Inc**, a Florida Corporation **and Equity Heights, LLC**, a Limited Liability Company whose post office address is: P. O. Box 2706, Lutz, Florida 33548 hereinafter called the grantee:

(Whenever used herein the term "grantor" and "grantee" include all the parties to this instrument and the heirs, legal re-presentatives and assigns of individuals, and the successors and assigns of corporations)

**Witnesseth,** that the grantor, for and in consideration of the sum of $ TEN AND NO/100 DOLLARS ($10.00) and other valuable considerations, receipt whereof is hereby acknowledged, does hereby remise, release, and quit claim unto the grantee forever, all the right, title, interest, claim and demand which the said grantor has in and to, all that certain land situate in Hillsborough County, Florida, viz:

Unit No. 9642, Building No. 29, LAKE CHASE CONDOMINIUM, a Condominium together with an undivided share in the common elements appurtenant thereto, according to the Declaration of Condominium and all of its attachments and amendments, as recorded in Official Records Book 14750, Page 34, of the Public Records of Hillsborough County, Florida.

**This deed is being executed to reflect the correct name of the title holders which was omitted in the certificate of title; documentary stamps were paid in connection with said certificate of title.**

**Together** with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.

**To Have and to Hold,** the same together with all and singular the appurtenances thereunto belonging or in anywise appertaining, and all the estate, right, title, interest, lien, equity and claim whatsoever of the said grantor, either in law or equity, to the only proper use, benefit and behoof of the said grantee forever.

**In Witness Whereof,** the said grantor has signed and sealed these presents the day and year first above written.

Signed, sealed and delivered
in the presence of:

Matera Homes, Inc

_____ PRES _____(Seal)
Witness Printed Name _Teri_____
by: John Matera, President
Address: P. O. Box 2706, Lutz, Florida 33548

Equity Heights, LLC

_____ _____(Seal)
Witness Printed Name _Melissa Ward____
by: Ray Thomas, Manager
Address: 4326 W. El Prado, Suite 9, Tampa, Florida 33629

State of Florida
County of Hillsborough

THE FOREGOING INSTRUMENT was acknowledged before me this 5th day of January, 2012 by John Matera, President of Matera Homes, Inc, Ray Thomas, Manager of Equity Heights, LLC, who are personally known to me or who have produced drivers license as identifications.

_____
Notary Public
Print Name: _Natalia Grisales_
My Commission Expires: _____

WHITWORTHTITLEGROUP.COM



NATALIA GRISALES
MY COMMISSION # DD 955260
EXPIRES: January 26, 2014
Bonded Thru Notary Public Underwriters

---

off

off