IN THE COUNTY COURT OF THE 13TH JUDICIAL CIRCUIT IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

LAKE CHASE CONDOMINIUM ASSOCIATION, INC.

CASE NO: # 10 34561

Plaintiff

vs.

SECRETARY OF HOUSING AND URBAN DEVELOPMENT; JOHN DOE AND JANE DOE AS UNKNOWN TENANTS IN POSSESSION,

Defendant(s)

2010 DEC 21 PM 1:58
HILLSBOROUGH COUNTY FLA
COUNTY CIVIL
FILED
CLERK OF COUNTY COURT

## COMPLAINT

The Plaintiff, LAKE CHASE CONDOMINIUM ASSOCIATION, INC., (hereinafter referred to as "the Association") by and through its undersigned legal counsel, hereby brings this action against the Defendants, SECRETARY OF HOUSING AND URBAN DEVELOPMENT; JOHN DOE AND JANE DOE, AS UNKNOWN TENANTS IN POSSESSION and alleges:

### COUNT I – FORECLOSURE

1. This is an action to foreclose a lien for unpaid assessments due to a condominium association, and this court has subject matter jurisdiction over this lien foreclosure action.

2. The Association is a not-for-profit corporation organized to operate and manage Lake Chase, which is a condominium development located in Hillsborough County, Florida.

3. Defendant, SECRETARY OF HOUSING AND URBAN DEVELOPMENT, is the owner of the following described property which is part of Lake Chase and is subject to the terms and conditions of the DECLARATION OF LAKE CHASE CONDOMINIUM referred to

as "the Declaration"), recorded at Official Records Book 14750, Page 34, and as subsequently amended relevant excerpts which is attached as Exhibit "A":

THAT CERTAIN CONDOMINIUM PARCEL COMPOSED OF UNIT NO. 9642, BUILDING 29, OF LAKE CHASE CONDOMINIUM AND AN UNDIVIDED INTEREST OR SHARE IN THE COMMON ELEMENTS APPURTENANT THERETO, IN ACCORDANCE WITH; AND SUBJECT TO THE COVENANTS, CONDITIONS, RESTRICTIONS, EASEMENTS, TERMS AND OTHER PROVISIONS OF THE DECLARATION OF CONDOMINIUM, AS RECORDED IN OFFICIAL RECORDS BOOK 14750 PAGE 34 THROUGH 162 AND MODIFIED IN OFFICIAL RECORDS BOOK 14481 PAGES 1968 THROUGH 1970, AND AMENDED IN OFFICIAL RECORDS BOOK 15596 PAGES 1955 THROUGH 2008, AND ANY AMENDMENTS THERETO, AND THE PLAT THEREOF, AS RECORDED IN CONDOMINIUM PLAT BOOK, OF THE PUBLIC RECORDS OF HILLSBOROUGH COUNTY, FLORIDA.

4. The above described premises is also known as 9642 Lake Chase Island Way, Unit #9642-29, Tampa, FL 33626.

5. Pursuant to Section 13 of the Declaration, each lot owner is subject to certain assessments imposed in connection with the operation of the Association, and such assessments are a lien against the property and also the personal obligation of the property owner.

6. Defendant, SECRETARY OF HOUSING AND URBAN DEVELOPMENT has failed to pay accelerated assessments that were properly adopted by the Association pursuant to Section 13.3 of the Declaration in the amount of $8,298.01 through December 2010. Additional assessments are coming due thereafter.

7. Pursuant to Section 13.3 of the Declaration if an assessment is not paid within 10 days from the date they are due, the unpaid assessments accrue interest at the rate of eighteen percent (18%), and the Association is entitled to foreclose the lien or bring an action against the owner personally.

8. The Association has notified Defendant, SECRETARY OF HOUSING AND URBAN DEVELOPMENT, of the delinquency and the acceleration of the assessments, and Defendant, SECRETARY OF HOUSING AND URBAN DEVELOPMENT, has failed to pay.

Attached as Composite Exhibit "B" are copies of all demand letters sent to Defendant, SECRETARY OF HOUSING AND URBAN DEVELOPMENT.

9. The Association has filed a claim of lien against the subject property, a copy of which is attached as Exhibit "C", and the Association is entitled to foreclose such a lien.

10. Defendants, JOHN DOE AND JANE DOE, AS UNKNOWN TENANTS IN POSSESSION, are named defendants by virtue of being now in possession of the subject property, by what right or authority being unknown to the Plaintiff. The interests of these Defendants are subject, subordinate and inferior to the Claim of Lien held by the Plaintiff.

11. The Association has been required to retain the undersigned attorneys to represent it in connection with collection of the assessments and foreclosure of the lien, and is entitled to recover such fees. Section 13.3 of the Declaration entitles the Association to recover costs of collection and attorney's fees in connection with delinquent assessments.

12. In order to protect its security, the Plaintiff may have advanced and paid any utility bills and/or other necessary costs, or may be required to make such advances during the pendency of this action. Any such sum so paid shall be due and owing Plaintiff.

WHEREFORE, the Association demands the following relief:

a. That the Court determine the amount of delinquent assessments, interest, late fees, costs and attorney's fees and determine that Plaintiff's lien is superior to the interest of the Defendant; and

b. That the Court enter judgment for the entire amount due, providing for a foreclosure of sale of the property in the event that the total amount due is not paid, in accordance with the practices of this Court and applicable law; and

c.  For such other and additional relief that the Court shall deem proper.

## COUNT II – PERSONAL JUDGMENT

14. This is an action for damages against Defendant, SECRETARY OF HOUSING AND URBAN DEVELOPMENT, for unpaid assessments in an amount less than $15,000.00, exclusive of interest, late fees, costs and attorney's fees.

15. Plaintiff realleges Paragraphs 2, 3, 4, 5, 6, 7, 8, 9, 11 and 12 of Count I, and incorporates these by reference herein.

16. As the owner of the subject property, Defendant, SECRETARY OF HOUSING AND URBAN DEVELOPMENT is personally liable for the unpaid assessments, interest late fees, costs and attorney's fees pursuant to the sections of the Declaration referred to above. The amount of accelerated assessments that are owed through December 2010 are $8,298.01. Additional assessments are coming due thereafter.

WHEREFORE, Plaintiff, LAKE CHASE CONDOMINIUM ASSOCIATION, INC. demands judgment against Defendant, SECRETARY OF HOUSING AND URBAN DEVELOPMENT personally for the total amount of unpaid assessments, interest, late fees, costs and attorney's fees in the event that Plaintiff elects a money judgment rather than a foreclosure judgment.

BUSINESS LAW GROUP, P.A.
301 W. Platt Street, #375
Tampa, FL 33606
(813) 258-8588

By: _____
BRUCE M. RODGERS
Florida Bar #0908215

This Instrument prepared by, or under the supervision of (and after recording, return to):

Gary A. Saul, Esq.
Greenberg Traurig, P.A.
1221 Brickell Avenue
Miami, FL 33131

THIS IS NOT A CERTIFIED COPY

INSTR # 2005091581
O BK 14750 PG 0034
Pgs 0034 - 162; (129pgs)
RECORDED 03/08/2005 09:57:22 AM
CLERK OF COURT
HILLSBOROUGH COUNTY
DEPUTY CLERK S Edson

(Reserved for Clerk of Court)

**BEST IMAGES AVAILABLE**

## DECLARATION OF LAKE CHASE CONDOMINIUM

Lake Chase 433, LLC, a Florida limited liability company, hereby declares:

1. Introduction and Submission.

    1.1 The Land. The Developer (as hereinafter defined) is the owner of that certain land, located in Hillsborough County, Florida, as more particularly described in Exhibit "1" attached hereto (the "Land").

    1.2 The Easements. The Land is burdened by, and benefits from: (i) that certain Access Easement Agreement dated July 7, 1998 and recorded in Official Records Book 09135, Page 0931, as amended by Amendment to Access Easement Agreement recorded in Official Records Book 10546, Page 1946, and (ii) Brown Parcel 3 and Countryside Development Inc. Parcel 3 Easement, recorded in Official Records Book 9489, Page 1498 of the Public Records of the County, as hereinafter defined (together, the "Easement Agreements"), which provide, among other things for pedestrian and vehicular ingress and egress to and from the Condominium Property, all as more particularly described in the Easement Agreements.

    1.3 Submission Statement. Except as set forth in this subsection 1.3, Developer hereby submits the Land and all improvements erected or to be erected thereon, and all other property, real, personal or mixed, now or hereafter situated on or within the Land - but excluding all public or private (e.g. cable television and/or other receiving or transmitting lines, fiber, antennae or equipment) utility installations and all leased property therein or thereon- and the rights granted under the Easement Agreements (but not fee title to the property therein described to the extent such property is not contained in the Land), to the condominium form of ownership and use in the manner provided for in the Florida Condominium Act as it exists on the date hereof and as it may be hereafter renumbered. Without limiting any of the foregoing, no property, real, personal or mixed, not located within or upon the Land as aforesaid shall for any purposes be deemed part of the Condominium or be subject to the jurisdiction of the Association, the operation and effect of the Florida Condominium Act or any rules or regulations promulgated pursuant thereto, unless expressly provided. Further, without limiting any of the foregoing, no portion of the fee title of the properties burdened by the Easement Agreements (the "Easement Parcels"), shall for any purposes be deemed part of the Condominium or Condominium Property or be subject to the jurisdiction of the Association, the operation and effect of the Florida Condominium Act or any rules or regulations promulgated pursuant thereto. Only the use rights granted in the Easement Agreements and the obligations imposed thereunder shall be deemed part of the Condominium and subject to the jurisdiction of the Association, the operation and effect of the Florida Condominium Act and any rules or regulations promulgated pursuant thereto.

    1.4 Name. The name by which this condominium is to be identified is LAKE CHASE CONDOMINIUM (hereinafter called the "Condominium").

2. Definitions. The following terms when used in this Declaration and in its exhibits, and as it and they may hereafter be amended, shall have the respective meanings ascribed to them in this Section, except where the context clearly indicates a different meaning:

    2.1 "Act" means the Florida Condominium Act (Chapter 718 of the Florida Statutes) as it exists on the date hereof and as it may be hereafter renumbered.

    2.2 "Articles" or "Articles of Incorporation" mean the Articles of Incorporation of the Association, as amended from time to time.

Book14750/Page34

EXHIBIT "A"

THIS IS NOT A CERTIFIED COPY

(Reserved for Clerk of Court)

(a) Assessment of the Developer as a Unit Owner for capital improvements;

(b) Any action by the Association that would be detrimental to the sales of Units by the Developer or the assignment of Limited Common Elements by the Developer for consideration; provided, however, that an increase in Assessments for Common Expenses without discrimination against the Developer shall not be deemed to be detrimental to the sales of Units.

12. <u>Determination of Common Expenses and Fixing of Assessments Therefor</u>. The Board of Directors shall from time to time, and at least annually, prepare a budget for the Condominium and the Association, determine the amount of Assessments payable by the Unit Owners to meet the Common Expenses of the Condominium and allocate and assess such expenses among the Unit Owners in accordance with the provisions of this Declaration and the By-Laws. The Board of Directors shall advise all Unit Owners promptly in writing of the amount of the Assessments payable by each of them as determined by the Board of Directors as aforesaid and shall furnish copies of the budget, on which such Assessments are based, to all Unit Owners and (if requested in writing) to their respective mortgagees. The Common Expenses shall include the expenses of and reserves for (if required by, and not waived in accordance with, applicable law) the operation, maintenance, repair and replacement of the Common Elements and Association Property, costs of carrying out the powers and duties of the Association and any other expenses designated as Common Expenses by the Act, this Declaration, the Articles or By-Laws of the Association, applicable rules and regulations or by the Association. Incidental income to the Association, if any, may be used to pay regular or extraordinary Association expenses and liabilities, to fund reserve accounts, or otherwise as the Board shall determine from time to time, and need not be restricted or accumulated. Any Budget adopted shall be subject to change to cover actual expenses at any time. Any such change shall be adopted consistent with the provisions of this Declaration and the By-Laws.

13. <u>Collection of Assessments</u>.

13.1 <u>Liability for Assessments</u>. A Unit Owner, regardless of how title is acquired, including by purchase at a foreclosure sale or by deed in lieu of foreclosure shall be liable for all Assessments coming due while he is the Unit Owner. Additionally, a Unit Owner shall be jointly and severally liable with the previous Owner for all unpaid Assessments that came due up to the time of the conveyance, without prejudice to any right the Owner may have to recover from the previous Owner the amounts paid by the grantee Owner. The liability for Assessments may not be avoided by waiver of the use or enjoyment of any Common Elements or by the abandonment of the Unit for which the Assessments are made or otherwise.

13.2 <u>Special and Capital Improvement Assessments</u>. In addition to Assessments levied by the Association to meet the Common Expenses of the Condominium and the Association, the Board of Directors may levy "Special Assessments" and "Capital Improvement Assessments" upon the following terms and conditions:

(a) "Special Assessments" shall mean and refer to an Assessment against each Owner and his or her Unit, representing a portion of the costs incurred by the Association for specific purposes of a nonrecurring nature which are not in the nature of capital improvements.

(b) "Capital Improvement Assessments" shall mean and refer to an Assessment against each Owner and his or her Unit, representing a portion of the costs incurred by the Association for the acquisition, installation, construction or replacement (as distinguished from repairs and maintenance) of any capital improvements located or to be located within the Common Elements or Association Property.

(c) Special Assessments and Capital Improvement Assessments may be levied by the Board and shall be payable in lump sums or installments, in the discretion of the Board; provided that, if such Special Assessments or Capital Improvement Assessments, in the aggregate in any year, exceed three percent (3%) of the then estimated operating budget of the Association, the Board must obtain approval of a majority of the voting interests represented at a meeting at which a quorum is attained.

Declaration
17

THIS IS NOT A CERTIFIED COPY

(Reserved for Clerk of Court)

13.3 **Default in Payment of Assessments for Common Expenses.** Assessments and installments thereof not paid within ten (10) days from the date when they are due shall bear interest at fifteen percent (15%) per annum from the date due until paid and shall be subject to an administrative late fee in an amount not to exceed the greater of $25.00 or five percent (5%) of each delinquent installment. The Association has a lien on each Condominium Parcel to secure the payment of Assessments. Except as set forth below, the lien is effective from, and shall relate back to, the date of the recording of this Declaration. However, as to a first mortgage of record, the lien is effective from and after the date of the recording of a claim of lien in the Public Records of the County, stating the description of the Condominium Parcel, the name of the record Owner and the name and address of the Association. The lien shall be evidenced by the recording of a claim of lien in the Public Records of the County. To be valid, the claim of lien must state the description of the Condominium Parcel, the name of the record Owner, the name and address of the Association, the amount due and the due dates, and the claim of lien must be executed and acknowledged by an officer or authorized officer of the Association. The claim of lien shall not be released until all sums secured by it (or such other amount as to which the Association shall agree by way of settlement) have been fully paid or until it is barred by law. No such lien shall be effective longer than one (1) year after the claim of lien has been recorded unless, within that one (1) year period, an action to enforce the lien is commenced. The one (1) year period shall automatically be extended for any length of time during which the Association is prevented from filing a foreclosure action by an automatic stay resulting from a bankruptcy petition filed by the Owner or any other person claiming an interest in the Unit. The claim of lien shall secure (whether or not stated therein) all unpaid Assessments, which are due and which may accrue subsequent to the recording of the claim of lien and prior to the entry of a certificate of title, as well as interest and all reasonable costs and attorneys' fees incurred by the Association incident to the collection process. Upon payment in full, the person making the payment is entitled to a satisfaction of the lien in recordable form. The Association may bring an action in its name to foreclose a lien for unpaid Assessments in the manner a mortgage of real property is foreclosed and may also bring an action at law to recover a money judgment for the unpaid Assessments without waiving any claim of lien. The Association is entitled to recover its reasonable attorneys' fees incurred either in a lien foreclosure action or an action to recover a money judgment for unpaid Assessments.

As an additional right and remedy of the Association, upon default in the payment of Assessments as aforesaid and after thirty (30) days' prior written notice to the applicable Unit Owner and the recording of a claim of lien, the Association may accelerate and declare immediately due and payable all installments of Assessments for the remainder of the fiscal year. In the event that the amount of such installments changes during the remainder of the fiscal year, the Unit Owner or the Association, as appropriate, shall be obligated to pay or reimburse to the other the amount of increase or decrease within ten (10) days of same taking effect.

13.4 **Notice of Intention to Foreclose Lien.** No foreclosure judgment may be entered until at least thirty (30) days after the Association gives written notice to the Unit Owner of its intention to foreclose its lien to collect the unpaid Assessments. If this notice is not given at least thirty (30) days before the foreclosure action is filed, and if the unpaid Assessments, including those coming due after the claim of lien is recorded, are paid before the entry of a final judgment of foreclosure, the Association shall not recover attorney's fees or costs. The notice must be given by delivery of a copy of it to the Unit Owner or by certified or registered mail, return receipt requested, addressed to the Unit Owner at the last known address, and upon such mailing, the notice shall be deemed to have been given. If after diligent search and inquiry the Association cannot find the Unit Owner or a mailing address at which the Unit Owner will receive the notice, the court may proceed with the foreclosure action and may award attorney's fees and costs as permitted by law. The notice requirements of this Subsection are satisfied if the Unit Owner records a Notice of Contest of Lien as provided in the Act.

13.5 **Appointment of Receiver to Collect Rental.** If the Unit Owner remains in possession of the Unit after a foreclosure judgment has been entered, the court in its discretion may require the Unit Owner to pay a reasonable rental for the Unit. If the Unit is rented or leased during the pendency of the foreclosure action, the Association is entitled to the appointment of a receiver to collect the rent. The expenses of such receiver shall be paid by the party which does not prevail in the foreclosure action.

Business Law Group P.A.
301 W. Platt St. #375
Tampa, FL 33606

Secretary of HUD
c/o Michaelson, Connor, and Boul
4400 Will Rogers Parkway, Ste 300
Oklahoma City, OK 73108
**CERTIFIED MAIL AND FIRST CLASS MAIL**

October 14, 2010

Re: LAKE CHASE CONDOMINIUM ASSOCIATION, INC. vs. Secretary of HUD

Dear Secretary of HUD:

This firm represents LAKE CHASE CONDOMINIUM ASSOCIATION, INC. ("Lake Chase Condos") who's physical address is 9494 LAKE CHASE ISLAND WAY TAMPA FL, 33626. According to Lake Chase Condos's records, you are the owner of unit 9642-29 (your "Unit") which has a delinquent assessment balance.

Pursuant to the Declaration of Condominium, you have been charged 15% interest on your delinquent assessment balance, plus administrative late fees of the greater of $25 or 5% of the delinquent assessment for each delinquent assessment. **Please remit a check payable to Business Law Group, P.A.**

**As of this date, your outstanding balance is:**
| | |
|---|---|
| Assessments | $6,729.89 |
| Interest | $832.93 |
| Administrative Late Fees | $450.00 |
| Legal Fees | $1,663.24 |
| Collection Costs | $145.00 |
| **Total** | **$9,821.06** |

Payments can be made with check sent to Business Law Group. Checks should be payable to Business Law Group at the address below. You may also pay online by credit card at **www.BLawGroup.com.** Please indicate your Lake Chase Condos building and unit number with payment. If you disagree with these charges please complete the attached Dispute Form. To avoid miscommunications, this firm will only communicate with you regarding a dispute in writing.

If payment or a written dispute of amounts owed is not received within thirty days of the date of this letter, the association will have the right to file a lien against your Unit. **THIS LETTER SHALL SERVE AS NOTICE OF INTENT TO LIEN REQUIRED BY SECTION 718.121, FLA. STAT.** The lien against your Unit will be for the above referenced amount plus additional attorney's fees and costs, additional interest and administrative late fees that will accrue after the 1st day your payment was due and other charges as determined by the Board of Directors of Lake Chase Condos pursuant to its Declaration, including the acceleration of the remaining assessments being due and payable for the balance of this fiscal year.

# BUSINESS LAW GROUP, P.A.
## ATTORNEYS AT LAW

Please direct payment payable to Business Law Group, P.A. at the address below. Payments sent to Lake Chase Condos will be returned and will cause additional delay in posting and will result in additional interest and administrative late fees.

As to any owner who is currently in bankruptcy or whose debt has been discharged in bankruptcy, LAKE CHASE CONDOMINIUM ASSOCIATION, INC. is only exercising its rights against the Property described above, and is not attempting to hold the owner personally liable for any debt that has been discharged in bankruptcy.

Notice: The undersigned attorney may be considered to be a debt collector, and is attempting to collect a debt owed to the Association, and any information obtained will be used for that purpose. In the absence of any notice, unless you, within thirty (30) days after receipt of this letter, dispute the validity of the aforesaid debt (or any portion thereof) owing to the Association, this law firm shall assume that the said debt is valid. If you notify the undersigned within the said thirty (30) day period that the aforesaid debt, or any portion thereof, is disputed, the undersigned attorney shall obtain written verification of the said debt from the association and mail the same to you. If you dispute the amount due, please provide cancelled checks or other evidence of payment, if applicable.

Thank you in advance for your prompt payment of amounts owed to date.

Sincerely,

*[signature]*

Michael H. Casanover, Esq.

Enclosures: Dispute form
Cc: LAKE CHASE CONDOMINIUM ASSOCIATION, INC.
LM Funding, LLC

301 W. Platt St. #375 · TAMPA, FL 33606
FAX 1-866-941-4796
BLG1@BLawGroup.com

# Dispute Form – LAKE CHASE CONDOMINIUM ASSOCIATION, INC.

Please use this form to dispute missed payments, account charges, account balances, or any other valid discrepancy on your account's report. All disputes must be in writing and accompanied with the owner information requested below. Disputes can be mailed, faxed or e-mailed to the following:

    Mail:        Business Law Group P.A.
                  301 W. Platt St. #375
                  Tampa, FL 33606
    Fax:         1-866-941-4796
    E-mail:     disputes@blawgroup.com

**Please, do not contact the management company with any disputes. They will only refer you to Business Law Group.**

All valid written disputes received will be reviewed, investigated and responded to. Use of the dispute form is in addition to your statutory rights under Chapter 718, Florida Statutes and specifically your right to file a Notice of Contest of Lien. Please fill out the information below, review our common disputes and discrepancy explanations below and provide a written explanation of dispute(s).

Owner Names: _____
Owner Address: _____
Condo Unit #: _____ Phone #'s: _____
Fax #: _____ E-mail address: _____

☐ **Check Here if you are requesting a detailed statement for your account**

**Please provide detailed explanation of your dispute(s). Copies of checks, bank statements, and any relevant correspondence that supports your dispute(s) can also be attached.**

**Common Dispute Explanations and Resolution Information:**

Valid Disputes – Valid disputes and accounting errors and/or omissions will be investigated and in the event charges and fees were inappropriately assessed they will be promptly corrected.

Payments have been made but are not credited to account – To resolve, please provide copies of cleared checks (front & back), and/or copy of bank statements verifying payments made but not referenced on your account balance report.

Late interest charges – Late interest charges will accrue daily on unpaid assessment balances. These charges are assessed pursuant to your condo declaration, bylaws, and Section 718.116, Florida Statute.

Monthly Administrative late fees – are charged monthly when a delinquent account balance exists. Fee will be assessed in an amount equal to the greater of a) $25 per month, or b) 5% of monthly assessment, pursuant to Section 718.116, Florida Statute unless stated otherwise in your condominium declaration.

Notice to Owners of a delinquent account balance & late charge assessments - Pursuant to the condo declaration, bylaws, and Section 718.116, Florida Statute there are no notices required before late interest charges or administrative late fees are charged, the Owners notice of such was acknowledged by taking ownership subject to their condo documents. If you have a valid dispute regarding notice, please explain below.

Posting Dates of Payments Made – You have been instructed to mail all payments to Business Law Group, P.A. (BLG). When payments are received by BLG, they are posted to owner accounts on the same day. Payments sent to Lake Chase Condos will typically take additional time to post because they need to be endorsed by the Association, re-mailed, and received by BLG before they are posted to an account.

Assessments are stated as being delinquent after making assessment payments and/or partial payments – Pursuant to the condo declaration of Lake Chase Condos and Section 718.116 (3), Florida Statutes, past due assessments are the last to be credited from

partial payment(s) received. Assessment balances can often remain outstanding after payments are applied. Payments must be applied in order to interest, late fees, attorney's fees, and costs and then to past due assessments.

Collection Cost Charges: Pursuant to condo declaration, by-laws, and Florida Statutes, the Association has the right to charge unit owners for costs of collection; including but not limited to attorney's fees, which are incident to the collection of assessments or enforcement of a lien for assessments. BLG has been retained to assist in lien and collection efforts. BLG's expenses are passed through to your account balance as they are incurred.

Additional legal charges associated with owners hiring attorney - BLG charges flat fees for collection, lien filing, foreclosure actions, and costs. However, in the event a condo Owner does hire an attorney to communicate with BLG, the Association may add time charges to such Owner's account for BLG's time. BLG's additional time charges accrue at approximately $250 per hour and will be Owner's responsibility per condo declaration, by-laws, and Section 718.116 (5) Florida Statutes.

Acceleration of all assessments due and payable for fiscal year - Pursuant to condo declaration, by-laws, and Section 718.116, Florida Statutes, a delinquent owner's assessments can be accelerated and deemed due and payable for the balance of the fiscal year. Upon being served notice that an account has been accelerated, there is a 15-day grace period to pay accelerated balances due. After the 15-day grace period has expired for payment of the accelerated balance, late interest will accrue and administrative late fees will be charged to the owner on all accelerated months.

When will Foreclosure Occur? - Section 718.116, Fla. Stat., requires the association to file a foreclosure action within one year of filing a lien or the lien expires. A foreclosure action may be filed as early as thirty days after delivery of a notice of intent to foreclose.

Payment Plans & Discounted Payoff Proposals – No payment plans will be entered into and no discounted payoff proposals will be accepted.

Business Law Group P.A.
301 W. Platt St. #375
Tampa, FL 33606

U.S. Department of HUD
Five Points Plaza
40 Marietta Street
Atlanta, GA 30303
**CERTIFIED MAIL AND FIRST CLASS MAIL**

November 15, 2010

Re: LAKE CHASE CONDOMINIUM ASSOCIATION, INC. vs. U.S. Department of HUD

Dear U.S. Department of HUD :

    This firm represents LAKE CHASE CONDOMINIUM ASSOCIATION, INC. ("Lake Chase Condos") who's physical address is 9494 LAKE CHASE ISLAND WAY TAMPA FL, 33626. According to Lake Chase Condos's records, you are the owner of unit 9642-29 (your "Unit") which has a delinquent assessment balance.

    Lake Chase Condos has filed a lien against your Unit for delinquent assessments, interest, administrative fees, attorneys' fees, and costs. To date, you continue to have an outstanding balance.

**As of this date, your outstanding balance is:**

| | |
|---|---|
| Assessments | $6,729.89 |
| Interest | $918.66 |
| Administrative Late Fees | $541.49 |
| Legal Fees | $2,023.24 |
| Collection Costs | $165.00 |
| **Total** | **$10,378.28** |

    Lake Chase Condos intends to file an action for foreclosure upon your Unit if all amounts owed are not paid within thirty days of the date hereof.

    Additionally, effective 30 days from the date of this letter, Lake Chase Condos intends to exercise its right to accelerate all assessments owed upon your Unit for the balance of the fiscal year (through December 31, 2010.)

# BUSINESS LAW GROUP, P.A.
ATTORNEYS AT LAW

If payment is made after 12/15/2010, additional late fees, interest, and attorney's fees will be added to the balance due on your statement. A Dispute Form is attached if you dispute any of the charges set forth on your statement. To avoid miscommunications, this firm will only communicate with you regarding a dispute in writing.

**Checks should be payable to Business Law Group at the address below. Payments sent to Lake Chase Condos will be returned and will cause additional delay in posting and will result in additional interest and administrative late fees. You may also pay online by credit card at www.BLawGroup.com.** Please indicate your Lake Chase Condos building and unit number on the check.

**As to any owner who is currently in bankruptcy or whose debt has been discharged in bankruptcy, LAKE CHASE CONDOMINIUM ASSOCIATION, INC. is only exercising its rights against the Property described above, and is not attempting to hold the owner personally liable for any debt that has been discharged in bankruptcy.**

Notice: The undersigned attorney may be considered to be a debt collector, and is attempting to collect a debt owed to the Association, and any information obtained will be used for that purpose. In the absence of any notice, unless you, within thirty (30) days after receipt of this letter, dispute the validity of the aforesaid debt (or any portion thereof) owing to the Association, this law firm shall assume that the said debt is valid. If you notify the undersigned within the said thirty (30) day period that the aforesaid debt, or any portion thereof, is disputed, the undersigned attorney shall obtain written verification of the said debt from the association and mail the same to you. If you dispute the amount due, please provide cancelled checks or other evidence of payment, if applicable.

Thank you in advance for your prompt payment of amounts owed to date.

Sincerely,

*[signature]*

Michael H. Casanover, Esq.

Enclosures: Dispute form
Cc: LAKE CHASE CONDOMINIUM ASSOCIATION, INC.
LM Funding, LLC

301 W. Platt St. #375 · TAMPA, FL 33606
FAX 1-866-941-4796
BLG1@BLawGroup.com

INSTRUMENT#: 2010396196, BK: 20215 PG: 1308 PGS: 1308 - 1308 01/27/12 Page 14 of 14 PageID 69
Case 8:12-cv-00177-SDM-TBM Document 2 Filed 01/27/12 Page 14 of 14 PageID 69
02:43:14 PM, DEPUTY CLERK:LPERTUIS Pat Frank,Clerk of the Circuit Court
Hillsborough County

**THIS IS NOT A CERTIFIED COPY**

## CLAIM OF LIEN
### FOR ASSESSMENTS

Prepared by, record and return to:
Business Law Group P.A.
301 W. Platt St. #375
Tampa, FL 33606
Estoppels@BLawGroup.com

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

Before me, the undersigned notary, appeared Michael H. Casanover, Esq., Authorized Agent of LAKE CHASE CONDOMINIUM ASSOCIATION, INC., a Florida not-for-profit corporation on behalf of the corporation. He took an oath and is personally known to me, and he is the Authorized Agent for the Association, whose post office address is c/o Business Law Group, 301 W. Platt St. #375, Tampa, FL 33606, and that pursuant to statute 718.116 of the Florida Statutes as well as the Declaration of Condominium hereinafter described, said Association is owed $6729.89 in unpaid regular assessments through Nov-2010, with additional assessments coming due monthly, and hereby claims a lien for this amount. Additionally, this claim of Lien secures all unpaid and accelerated assessments, interest, late fees if any, costs of attorneys' fees which are due and which may accrue subsequent to the date of this Claim of Lien, and prior to entry of a Final Judgment of Foreclosure.

PROPERTY OWNER(s): U.S. Department of HUD

LEGAL DESCRIPTION:

**THAT CERTAIN CONDOMINIUM PARCEL COMPOSED OF UNIT NO. 9642, BUILDING 29, OF LAKE CHASE CONDOMINIUM AND AN UNDIVIDED INTEREST OR SHARE IN THE COMMON ELEMENTS APPURTENANT THERETO, IN ACCORDANCE WITH; AND SUBJECT TO THE COVENANTS, CONDITIONS, RESTRICTIONS, EASEMENTS, TERMS AND OTHER PROVISIONS OF THE DECLARATION OF CONDOMINIUM, AS RECORDED IN OFFICIAL RECORDS BOOK 14750 PAGE 34 THROUGH 162 AND MODIFIED IN OFFICIAL RECORDS BOOK 14481 PAGES 1968 THROUGH 1970, AND AMENDED IN OFFICIAL RECORDS BOOK 15596 PAGES 1955 THROUGH 2008, AND ANY AMENDMENTS THERETO, AND THE PLAT THEREOF, AS RECORDED IN CONDOMINIUM PLAT BOOK, OF THE PUBLIC RECORDS OF HILLSBOROUGH COUNTY, FLORIDA.**

The amount due to the Lienor remains outstanding as of this day, Monday, November 15, 2010

LAKE CHASE CONDOMINIUM ASSOCIATION, INC.

BY: _____
Michael H. Casanover, Esq., Authorized Agent

_____
Witness Signature

_____
Witness Signature

STATE OF FLORIDA )
COUNTY OF HILLSBOROUGH )

The forgoing instrument was acknowledged before me this __15__ day of __Nov.__ 2010, by Michael H. Casanover, Esq., who is personally known to me.

_____
Notary Public, State of Florida
My Commission Expires

RYAN DURAN
MY COMMISSION #DD846086
EXPIRES: DEC 16, 2012
Bonded through 1st State Insurance

THIS COMMUNICATION IS FROM A DEBT COLLECTOR; THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

9642-29

EXHIBIT "T"