UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAKE CHASE CONDOMINIUM
ASSOCIATION, INC.,

    Plaintiff,

v.                                                  CASE NO: 8:12-cv-177-T-23TBM

SECRETARY OF HOUSING AND
URBAN DEVELOPMENT,

    Defendants.
_____/

**ORDER**

Attempting to foreclose a lien on property owned by the United States Department of Housing and Urban Development (HUD), Lake Chase Condominium Association sued the Secretary of HUD in the Circuit Court for Hillsborough County. After an October 5, 2011, default judgment against the Secretary, a third party bought the condominium at a November 18, 2011, foreclosure auction. On January 5, 2012, the third party sold the property to a fourth party. Eleven days later, three months after the state court entered the default judgment, the Secretary appeared and moved to quash service and to vacate the judgment, the foreclosure sale, and the certificate of title. Two weeks later, the Secretary removed (Doc. 1). Lake Chase moves (Doc. 7) to remand.

**DISCUSSION**

The Secretary removes under 28 U.S.C. § 1442(a)(1), which permits removal of an action against an officer or an agency of the United States. Section 1446(b) requires the Secretary to remove within thirty days after receiving service of process. *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999); *Salery v. United States*, 373 F. App'x 29, 30 (11th Cir. 2010) (applying the thirty-day limitation to removal under Section 1442).[1]

Moving to remand, Lake Chase argues that the Secretary failed to remove within thirty days of service. Lake Chase cites an affidavit of service (Doc. 1 at 29), which confirms service on January 4, 2011, at 10:59 a.m., at the HUD headquarters in the District of Columbia. Pinkey Elliot, as an "authorized legal agent," received service of the summons, the complaint, and the lis pendens. The Secretary removed on January 27, 2012, more than a year after service. The Secretary responds that, because the Florida Rules of Civil Procedure provide no rule about serving the federal government, Rule 4(i), Federal Rules of Civil Procedure, governs service on the Secretary of HUD. Lake Chase failed to serve the local U.S. Attorney and copy the U.S. Attorney General in accord with Rule 4(i).

As an initial matter, Lake Chase fails to invoke a statutory waiver of the sovereign immunity of the Secretary of HUD. During oral argument in a similar

---

[1] The Secretary removes under 28 U.S.C. § 1444 also. Section 1444 permits removal of an action brought under Section 2410, which governs "actions affecting property on which United States has [a] lien." But Lake Chase nowhere invokes Section 2410.

action, *Merrill Pines Condominium Association, Inc.v. Secretary of HUD*, Judge Corrigan noted that 12 U.S.C. § 1702 waives the sovereign immunity of the Secretary of HUD, who, in "carrying out" certain provisions of the National Housing Act, can "sue and be sued," in his official capacity, "in any court of competent jurisdiction, State or Federal." No. 3:12-cv-0770, Doc. 13 at 35 (M.D. Fla. Oct. 26, 2012). Sovereign immunity precludes subject matter jurisdiction in Florida and federal courts, and a party suing the United States or an officer of the United States (or any other sovereign) must allege – in the complaint – the applicable waiver of sovereign immunity. A failure to plead the statutory waiver of sovereign immunity results in a failure to invoke the court's subject matter jurisdiction.[2]

The complaint in this action states only that the state court "has subject matter jurisdiction over this lien foreclosure action." Consequently, the Secretary removes

---

[2] *See Arnold v. Shumpert*, 217 So. 2d 116, 120 (Fla. 1968) (discussing a county's sovereign immunity from suit in a Florida court); *United States v. Wonders*, 86 So. 3d 544, 546 (Fla. 2d DCA 2012) (finding that "state laws providing for attorney's fees against the losing party cannot be enforced against the United States"); *Cypress v. Tamiami Partners, Ltd.*, 662 So. 2d 1292, 1292 (Fla. 3d DCA 1995) (citing *Houghtaling v. Seminole Tribe of Fla.*, 611 So. 2d 1235 (Fla. 1993), and holding that sovereign immunity prevents a Florida court's obtaining subject matter jurisdiction over a Native American tribe); *Fla. Dep't of Transportation v. Bailey*, 603 So. 2d 1384, 1387 (Fla. 1st DCA 1992) (finding that, absent a waiver of sovereign immunity, a judgment entered against the state is void for lack of subject matter jurisdiction); *Nigerian Air Force v. Van Hise*, 443 So. 2d 273, 275-76 (Fla. 3d DCA 1983) (finding that a default judgment against the Nigerian Air Force was "voidable" because the plaintiff failed to invoke the Foreign Sovereign Immunity Act, the applicable waiver of sovereign immunity); *Schmauss v. Snoll*, 245 So. 2d 112, 113 (Fla. 3d DCA 1971) (finding that a state's immunity from suit "relates to subject matter jurisdiction" and that "a plaintiff must allege in his complaint the specific methods by which the county waives its sovereign immunity"); 28 Fla. Jur. *Government Tort Liability* § 83 (2d ed. 2013) (discussing pleading against a sovereign in a Florida court); *cf.* Wright & Miller, 5 *Federal Practice and Procedure* § 1212 (3d ed. 2013) ("[T]he jurisdictional allegations in an original action or a counterclaim against the United States must include a reference to the statute containing an express or implied waiver of the government's immunity from suit.") (citing cases).

an action in which sovereign immunity bars subject matter jurisdiction in state and federal court. But, because the Secretary removes under Section 1442(a)(1), removal is unaffected by the persisting sovereign-immunity bar to subject matter jurisdiction. *S.S. Silberblatt, Inc. v. Brownstone Square Apartments*, 608 F.2d 28 (2d Cir. 1979) (finding that Section 1442(a)(1) permits removal even though "the case could [not] have been brought originally in the federal district court"). The timeliness of removal must be addressed.

State law governs service in state court. *Usatorres v. Marina Mercante Nicaraguenses, S.A.*, 768 F.2d 1285, 1287 n.1 (11th Cir. 1985) ("A federal court may consider the sufficiency of process after removal and does so by looking to the state law governing process."); *Wilson v. U.S. Dep't of Agriculture*, 584 F.2d 137, 141 (6th Cir. 1978) ("The traditional principle of federalism is that, as long as state rules of practice do not 'impose unnecessary burdens upon rights of recovery authorized by federal laws,' neither Congress nor the federal courts has the power to change them.") (quoting *Brown v. Western Railway of Ala.*, 338 U.S. 294, 298 (1949)).

Service on the Secretary of HUD in state court is no different. *Garden Homes, Inc. v. Mason*, 238 F.2d 651, 653-54 (1st Cir. 1956) (treating HUD as a federal corporation and applying Massachusetts law to serving the secretary of HUD in a Massachusetts court); *Sarner v. Mason*, 128 F. Supp. 165, 169 (D.N.J. 1955) (noting the right to serve HUD in "any jurisdiction in which it is doing business"); *Malony v. Ferguson*, 50 N.Y.S. 2d 937, 939 (N.Y. Special Term 1943) (finding that Section 1702

waives sovereign immunity but "does not dispense . . . with New York State's requirement as to personal service").

The Southern District of Florida considers an identical issue in *Racquet Club Apartments v. Secretary of HUD*, No. 12-60459, 2012 WL 3244656 (S.D. Fla. Aug. 9, 2012) (Scola, J.). After filing a lien for unpaid condo assessments, a condominium association sued to foreclose on the property owned by the Secretary. The Association filed an affidavit of service confirming that process was served on "an authorized agent" at HUD's headquarters in the District of Columbia. The Secretary failed to appear and the state court entered a default judgment. A third party purchased the property at a judicial foreclosure sale and sold the property to another buyer. Months later, the Secretary appeared in state court, moved to vacate the judgment, and removed to federal court. The Association moved to remand.

Rejecting the Secretary's "remarkable" argument that the Federal Rules of Civil Procedure apply to service in state court, *Racquet Club* applies the Florida Rules of Civil Procedure and compares HUD to a corporation. "In the absence of a state rule specifying a particular procedure for service upon the federal government, the Plaintiff could have served HUD in any manner otherwise consistent with Florida law. Service upon an entity's authorized agent [under Section 48.081(3)(a), Florida Statutes,] is one such method." 2012 WL 3244656 at *4. *Racquet Club* finds the plaintiff's method of service sufficient under Section 48.081(3)(a) and remands the delinquent removal. *Racquet Club* relies on *Copley v. U.S. Dep't of Energy*, No. 2:11-cv-

- 5 -

416, 2012 WL 1111568 (S.D.W.V. Mar. 30, 2012). In *Copley*, the plaintiff sued the U.S. Department of Energy in state court, the Department removed, and the plaintiff challenged the timeliness of removal. Finding nothing in the West Virginia Code addressing service of process on federal agencies, *Copley* compares HUD to a corporation, and turns to the West Virginia law of service on foreign corporations.

The analogy finds support in other jurisdictions. The First Circuit likens the Federal Housing Administration (the predecessor to HUD or "FHA") to a federal corporation and applies Massachusetts law governing service on a foreign corporation. *Garden Homes*, 238 F.2d at 653-54. The Fourth Circuit labels the FHA a "public corporation," reasons that the FHA "is given many powers of corporations," and holds that service may be perfected on an authorized agent. *Seven Oaks v. Federal Housing Administration*, 171 F.2d 947, 949 (4th Cir. 1948). The District of New Jersey finds that the FHA "'is not less amenable to judicial process than a private enterprise.'" *Sarner*, 128 F. Supp. at 169 (quoting *FHA v. Burr*, 309 U.S. 242, 245 (1940)). And the Supreme Court cites Section 1702 and lists the FHA among the federal corporations created by an act of Congress. *Keifer & Keifer v. Reconstruction Finance Corporation*, 306 U.S. 381, 390 (1948).

Section 48.081(3)(a), Florida Statutes, permits service on an authorized agent and, if the corporation fails to designate an authorized agent, the statute permits service "on any employee at the corporation's principal place of business or on any employee of the registered agent." The Secretary concedes that, on January 4, 2011,

Lake Chase served an authorized agent of HUD at HUD's headquarters in the District of Columbia.  The Secretary delinquently removed more than a year later.

## CONCLUSION

The motion (Doc. 7) to remand is **GRANTED**.  This action is **REMANDED** to the Circuit Court for Hillsborough County.  The clerk is directed (1) to mail a certified copy of this order to the Clerk of the Circuit Court for Hillsborough County and (2) to close the case.  The motion to vacate the default judgment awaits consideration by the state court.

ORDERED in Tampa, Florida, on July 16, 2013.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE